COMMONWEALTH *vs.* CERTAIN INTOXICATING LIQUORS,
Simon S. Rankin, claimant.

Suffolk. Feb. 1. — March 22, 1875. COLT & ENDICOTT, JJ., absent.

A complaint under the St. of 1869, *c.* 415, § 44, averred that intoxicating liquors were kept in a certain building in Boston, "situate on Washington Street, and numbered one hundred and ninety-five and one half on said street in said Boston, and the basement of said building." The warrant, issued on this complaint, recited the averment of the complaint, and directed the officer to enter the building in the basement herein above described, and make search thereof. *Held*, that the complaint and the warrant described the place to be searched with sufficient particularity to identify it. *Held, also*, that proof that the basement was under a shop numbered 197 Washington Street did not create a variance.

If a complaint and warrant under the St. of 1869, *c.* 415, § 44, describe the place to be searched as a basement, and liquors are seized in a room under the sidewalk opening into the basement by a door, it is for the jury to say whether the room is a part of the basement.

The allegation of the place where liquors are alleged to be kept, in a complaint under the St. of 1869, *c.* 415, § 44, is a material traversable allegation, and the claimant has a right to require proof of it, and to have the issue submitted to the jury.

COMPLAINT to the Municipal Court of the city of Boston on the St. of 1869, *c.* 415, § 44, alleging reason to believe and belief that certain intoxicating liquors are kept and deposited in a certain building in Boston, " situate on Washington Street, and numbered one hundred and ninety-five and one half (195½) on

said street in said Boston, and the basement of said building,' occupied by the claimant as a place of common resort, with intent to sell the same in violation of law. The warrant issued on this complaint recited the averment of the complaint, and directed the officer " to enter the building in the basement herein above described," and make search, &c.

In the Superior Court, before the jury were empanelled, the claimant made a motion to quash the proceedings, for the following reasons : ".1. The description of the building, in which it is alleged said Rankin kept the intoxicating liquors, is indefinite, irregular, not precise, and does not with certainty describe the premises or the portion of the premises kept by said Rankin. 2. There is no sufficient description of the place alleged to have been occupied by said Rankin as a place of common resort. 3. The complaint, warrant, and other proceedings had thereon, are generally vague and indefinite, and do not with accuracy set forth the requirements of the statute under which this complaint is made." *Allen*, J., overruled the motion, and the claimant excepted.

After reading the complaint and the officer's return on the warrant, the clerk read the following issue to be submitted to the jury : " The issue now submitted to you is whether any part, and, if so, what part, of the liquors described in the officer's return upon the warrant and named in said complaint, were at the time of the making of said complaint owned or kept by the person named in the said complaint, for the purpose of being sold contrary to the provisions of chapter 415 of the statutes of 1869, and this issue you are now sworn to try. If you find that the whole or any part of said liquors were so owned or kept, you will say so specifically ; if you find that none were, you will say so and no more."

Thereupon the claimant objected to the issue presented, as not containing the words " in the premises described in the complaint," or any words equivalent thereto, or specifying the premises where the liquors described in the complaint, warrant, &c., were owned or kept; and requested the judge to have inserted in the issue, after the words " the person named in the complaint," the words " in the premises described in the complaint,' or their equivalent.

The judge overruled this objection, and refused the request, and the claimant excepted.

Several witnesses called by the government testified that the entrance to the premises was from Washington Street, and that there was a sign on the right-hand side of the entrance with the figures " 195½ " painted thereon ; that there was a flight of stairs from this entrance leading down into a basement ; that Rankin, the claimant, had admitted he was proprietor of this basement ; that on January 15 they found the greater part of the liquors described in the complaint in a room or place directly under the sidewalk, to which they gained access by passing through a door in the basement ; that on the 16th a barrel of whiskey was taken from this same place under the sidewalk, and the other packages of liquors seized on the 16th were scattered around in different portions of the basement. No further testimony was introduced by the government tending to show the number of the building or the basement. On cross-examination the witnesses stated that they did not know the number of the building ; that they did not know whether the premises kept by Rankin were in the basement of building numbered 195 or 197 Washington Street ; that they only knew that on the sign on the right of the stairs, going down to the basement, were painted the numbers " 195½ " ; that they did not know who kept No. 195 or 197 Washington Street, or what business was carried on in said buildings. They were asked if there was any " building in the basement ; " to which they answered in the negative.

The claimant called William F. Sanborn, who testified that he was book-keeper for George F. Foye & Co., jewellers ; that they kept at No. 195 Washington Street ; that there was no basement in the building numbered one hundred and ninety-five Washington Street ; that the adjoining building on the south was numbered one hundred and ninety-seven, and that Simon S. Rankin did not carry on any business at, or keep or own, No. 195 Washington Street. On cross-examination this witness testified that Rankin carried on business in the basement of 197 Washington Street ; that there was a sign on each side of the stairs leading down to the basement, with the name of " Rankin,' and the words " Lager Beer " painted on said signs.

No further evidence was introduced, and the claimant requested the judge to rule that there was a variance in the allegations in the complaint and the proof, in this : · The allegation in the complaint and warrant being that the liquors described were " kept and deposited by Simon S. Rankin, of said Boston, in a certain building situated on Washington Street, and numbered one hundred and ninety-five and one-half on said street (195½) in said Boston ; " and the proof being, that if kept or deposited by said Rankin, they were kept and deposited in building numbered one hundred and ninety-seven, or in the basement of said building. The judge was further asked to rule that there was no proof to sustain the allegation, " the building in the basement herein above described ; " that if the jury found that a portion of the liquors were seized in a place under the sidewalk, such portion so seized was not covered by the complaint and warrant to search. The judge ruled that there was no variance, and refused to give the rulings requested.

At the conclusion of the charge, and before the jury retired, the claimant requested the judge to instruct the jury, that they must be satisfied beyond a reasonable doubt that the liquors described were kept and deposited by the person named in the complaint, in the premises described in the complaint ; but the judge refused so to rule, and ruled that the only issue was whether or not the liquors seized were kept by the claimant illegally. The claimant alleged exceptions.

*J. W. Mahan,* for the claimant.

*C. R. Train,* Attorney General, *&* *W. G. Colburn,* Assistant Attorney General, for the Commonwealth.

MORTON, J. The motion to quash the proceedings was properly overruled. The place to be searched was the basement numbered 195½ Washington Street, in Boston, and the complaint and warrant describe it with sufficient particularity to identify it. The court correctly ruled that proof that it was under a shop numbered 197 Washington Street did not create a variance.

As to the liquors seized in the room under the sidewalk, it was for the jury to say whether such room was attached to the basement as a part of it. If it was, the liquors found there were rightly seized under the warrant.

The statute provides that in proceedings for the forfeiture of intoxicating liquors, the complaint and warrant shall set out fully, plainly and substantially the place to be searched, the liquors to be seized and the person believed to be the owner or keeper of such liquors, intending to sell them contrary to law. St. 1869, *c.* 415, § 46. It also provides that whether a claimant appears or not, the court "shall proceed to try, hear and determine the allegations of such complaint," and whether the liquors seized or any part thereof are forfeited. § 51. If a claimant appears, he has the right to have any issue of fact tried by a jury. §§ 55, 56. The allegation of place in the complaint is a material traversable allegation, and the claimant has the right to require proof of it, and to submit this issue to the jury.

In the case at bar, therefore, the claimant had the right to submit to the jury the question whether the liquors seized, and which were before the court for adjudication, were kept in the premises described in the complaint. Unless they were thus kept by him as alleged in the complaint, they were not liable to forfeiture under these proceedings.

We are of opinion, therefore, that the learned judge who presided at the trial erred in refusing to modify the issue for the jury as requested by the claimant, and in refusing to rule that the jury must be satisfied that the liquors were kept by the claimant in the premises described in the complaint. For this reason the                    *Exceptions are sustained.*