## Gullat v. State, ex rel. Dedge.

### Condemnation of Intoxicating Liquors.

(Decided April 12, 1917. 74 South. 970.)

1. Intoxicating Liquors; Search and Seizure; Description; Variance Between Warrant and Affidavit.—Where a liquor search warrant varied from affidavit in describing property as "3 door W." instead of "2d door W," both describing property as "the property of Mrs. Cochran," the variance was not fatal as against a motion to quash, when not shown by a plea in abatement that there were two distinct buildings to, which the descriptions were applicable.

2. Intoxicating Liquors; Search and Seizure; Description; Variance Between Warrant and Affidavit; Objection.—Where question of variance in description of property upon which intoxicating liqours were seized was not presented in circuit court either by motion or plea, it was properly ignored.

APPEAL from Russell Circuit Court.

Heard before Hon. J. S. WILLIAMS.

Proceedings by the State of Alabama on the relation of J. W. Dredge for condemnation and destruction of certain intoxicating liquors to which A. L. Gullat interposed a claim. There was judgment of condemnation in the justice court and claimant appealed to the circuit court where the judgment was affirmed and from that order he appealed. Affirmed.

GLENN & DE GRAFFENRIED and H. A. FERRALL for appellant. WILLIAM L. MARTIN, Attorney General, and P. W. TURNER, Assistant Attorney General, for appellee.

SOMERVILLE, J.—This case was submitted with 5 Div. 640, *Ben Edmunds v. State, infra,* 74 South. 965, and all the questions here presented, with a single exception to be noted, were there decided adversely to appellant.

(1) In this case the affidavit describes the premises to be searched as "a frame bld. located on Girard car line 2d door W. of first branch or creek, known as a dwelling house known as the property of Mrs. Cochran, also all other houses on said premises." The warrant follows this description exactly, excepting only that "2d door W." in the affidavit read "3 door W." in the warrant.

Motion was made by the claimant in the justice's court "to quash the affidavit, warrant, seizure and return in this cause," on the ground among others of this alleged variance between the affidavit and the warrant. This motion was overruled by the justice.

It is sufficiently obvious that this numerical variance in the designation of the building to be searched was, in view of the precise identity of the description in all other particulars, a mere inadvertence on the part of the magistrate. As against a motion to quash from the face of the record the identity of the buildings described is sufficiently imported by the common designation of the building as one "known as the property of Mrs. Cochran." The proper method of raising the question of a variance was by a plea in abatement showing that there were two distinct buildings to which the several descriptions were severally applicable. A mere variance as to the number of a building, if the description otherwise identifies it, is not a good ground of objection.— *Com. v. Intox. Liq.*, 117 Mass. 427, 2 Wool. & Thornt. Intox. Liq. § 618.

(2) This question was not presented in the circuit court, either by motion or plea, and it was properly ignored by that court.

Finding no error in the record, the judgment and order of the circuit court will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.