# Henry *v.* Frohlichstein.

## *Ejectment.*

(Decided Feb. 14th, 1907.   43 So. Rep. 126.)

1. *Pleading; Amendment; Change of Parties.*—Since a tenant in common, although entitled to only an undivided interest in land, may try the title thereto, it is not an amendment working an entire change of parties to permit plaintiff to strike from the complaint the words "individually and as guardian for a lunatic, and for the use of said lunatic" co-tenant.

2. *Appeal; Objection to Introduction of Evidence in Trial Court; Sufficiency.*—One desiring to take advantage of the provisions of Section 1531, Code 1896, should object to the introduction of the deeds because not corresponding with the abstract furnished, and cannot present the error on appeal in the absence of such objection.

3. *Trial; Reception of Evidence; Statement of Counsel as to Expected Proof; Exclusion of Evidence.*—Where the court properly admitted a deed as color of title upon statement of counsel that proof of possession under it would be made, if such proof is not made, the party objecting to its introduction should move to exclude it, if he desires to put the court in error.

4. *Appeal; Taking Objection in Trial Court; Necessity of Showing Same in Bill of Exceptions.*—This court will not review, on appeal, objections to the introduction of evidence, in the absence of a showing in the bill of exceptions that objection was offered to it in the trial court, and exception reserved to the court's action.

5. *Ejectment; Evidence of Plaintiff's Title; Adverse Possession.*—Where plaintiff claimed title through the adverse possession of

[Henry v. Frolichstein.]

her father, deeds from her sisters and brothers to her were admissible to show that whatever possessory title her father had was vested in her.

6. *Evidence; Admissibility; Conclusion.*—It is competent in an action of ejectment, to ask a witness how long a certain person lived on the land "claiming to hold" it for another person named.

7. *Adverse Possession; Color of Title; What Constittues; Possession of Part; Claim to Whole.*—In order to constitute a deed color of title, the grantee must have taken possession of a part of the land therein described, claiming title thereunder to the whole.

8. *Ejectment; Directory Verdict; Evidence; Jury Question.*—Evidence in this case examined and stated and held not to authorize a direction of a verdict for the plaintiff, as the question of adverse possession, under it, was one for the jury.

APPEAL from Mobile Circuit Court.

Heard before Hon SAMUEL B. BROWNE.

Action in the nature of ejectment, begun by Amelia Frolichstein against Mary Henry, the facts concerning which are sufficiently stated in the opinion of the court. There was judgment for plaintiff and defendant appeals. Reversed and remanded.

ERVIN & MCALEER, for appellant.—The rule being universal that a plaintiff in ejectment must show title back to the government or to some one in possession, the court should have sustained the objection to the deed made by Chandler to Peters.—*Jackson Lumber Co. v. McCreary.* 137 Ala. 281; *Florence B & I. Asso. v. Schall,* 107 Ala. 531. The plaintiff not having shown actual possession must show legal title.—*R. R. Co. v. Tutwiler,* 108 Ala. 483. A mortgage recorded for over twenty years was presumed to be satisfied.—*Goodwin v. Baldwin,* 59 Ala. 128. The judgment against Peters did not bind defendant or show any title against her.—*Camp v. Forrest,* 13 Ala. 117. The court should have sustained objection to the question to the witness Kimball.—*Ashford v. Ashford,* 136 Ala. 640. The court erred in permitting the amendment.—*Crump v. Wallace,* 27 Ala. 280; *Whitlow v. Echols,* 78 Ala. 206; *Saelye v. Smith,* 85 Ala. 25; *Oates v. Beckwith,* 112 Ala. 359; *Dake v.*

*Sewell,* 39 South. 819. A plaintiff whose title terminates pending suit cannot recover.—*Davis v. Curry,* 85 Ala. 134; *Chandler v. Yost,* 81 Ala. 411; *Hairston v. Dobbs,* 80 Ala. 589; *Scranton v. Ballard,* 64 Ala. 402. The statute of amendment is to cure insufficiently or defects in pleading and not to introduce new causes of action.—*Mayhan v. Smitherman,* 71 Ala. 567. Plaintiff's charge required a finding as to certain lands not sued for and certainly not shown to have been in possession of plaintiff and is, therefore, erroneous.—*Shipman v. Baxter,* 21 Ala. 458; *Henry v. Brown,* 143 Ala. 457; *Turner v. Stevenson,* 2 L. R. A. 277.

GREGORY L. & H. T. SMITH, for appellee.—Although a party may derive his title to different parts of land from different sources, yet, if the tracts adjoin each other and there is no one but the claimer residing thereon such occupation extends the possession to the entire tract.—*Ritch v. Braxton,* 158 U. S. 375; *Wharton v. Bunting,* 73 Ill. 16; *Harrison v. McDaniel,* 2 Dana.; *Hole v. Rittenhouse,* 25 Pa. St. 491; *Alston* v. Collins, 2 Spear, 450. One holding under color of title and being in possession of a part of the holding only is not confined to his possession but his possession is referred to his color of title provided, the land is contiguous.—*Anniston City Land Co. v. Edmondson,* 127 Ala. 460; *Smith v. Kyser,* 115 Ala. 459; *Zundell v. Baldwin,* 114 Ala. 335; *Burke v. Mitchell,* 78 Ala. 61; *Ryan v. Kirkpatricvk,* 66 Ala. 332; *Brady v. Huff,* 75 Ala. 80; *Childress v. Calloway,* 76 Ala. 128; *Ewing v. Burnett,* 11 Peters, 41; *Simmons Creek Coal Co. v. Doran,* 142 U. S. 417. The court did not err in allowing the amendment.—*Dorland v. Westervitch,* 140 Ala. 283; Sedgwick & Waite on Trial and Title to Land, Sec. 300 and note. The court did not err with reference to Kimball's testimony.—*Dorland v. Westervitch, supra.*

SIMPSON, J.—This was a statutory action of ejectment, originally brought by the appellee, "individually and as guardian of Fannie Frolichstein, a lunatic, and for said lunatic's use," against the appellant. During the progress of the case the complaint was amended by

striking out the words "individually and as guardian of Fannie Frolichstein, a lunatic, and for said lunatic's use," thus converting the action into the suit of the plaintiff alone in her individual capacity. Appellant claims that this was introducing a new cause of action, and not allowable, and that the allowance of it was fatal to the right of the plaintiff to recover. Section 3331 of the Code of 1896 has been construed by this court to allow any amendment, by striking out or adding parties or otherwise, with the only limitation that "there must not be an entire departure from the process, an entire change of parties, or the introduction of an entirely new cause of action."—*Sanders v. Knox,* 57 Ala. 80, 83; *Berry v. Ferguson,* 58 Ala. 314, 316; *Harris v. Swanson,* 62 Ala. 299; *Sou. Express Co. v. Boullemet,* 100 Ala. 275, 278, 13 South. 941; *Lowery v. Rowland,* 104 Ala. 420, 426, 16 South. 88; *Lucas v. Pittman,* 94 Ala. 616, 620, 10 South. 603; *Weeden v. Jones,* 106 Ala. 336, 339, 17 South. 454. A comparison of the facts in the foregoing cases shows that the amendment in this case did not introduce a new cause of action, as contended by the appellant. The plaintiff, as tenant in common, is entitled to try the title to the property, just as all the parties originally could. The fact that she is entitled to only an undivided interest of the property does not change the cause of action, within the statute of amendments.—*Dorlan v. Westervitch,* 140 Ala. 284, 294, 37 South. 382, 103 Am. St. Rep. 35.

The defendant (appellant) makes the point that the evidence introduced by the appellee (plaintiff) did not correspond with the abstract of title which had been furnished to defendant by plaintiff. We do not find that objection was made to the introduction of the evidence on that ground, but the only way in which it seems to have been brought up was that the defendant offered the abstract in evidence, and it is not set out in the bill of exceptions, but it is merely stated that it contained certain statements. If the defendant had desired to take advantage of the provisions of section 1531 of the Code of 1896, he should have objected to the introduction of the deeds on that ground.—*L. & N. R. R. Co. v. Massey,* 136 Ala. 156, 33 South. 896, 96 Am. St. Rep. 17.

The defendant objected to the introduction of the deed from Daniel Chandler to Fred Peters, on the ground that it had not been shown that Chandler ever had possession of or title to the land. The plaintiff then stated "that he expected to show possession under the deed in question for more than 40 years, and also that Chandler claimed under Mr. Thomas Henry, and that Henry knew that fact, and was the same Henry under whom the defendant was now claiming." It is true that, when a deed is offered as color of title, it is incumbent on the party who offers it to show that the purchaser entered and claimed under it.—*Nat. Bank of Augusta v. Baker Hill Iron Co.*, 108 Ala. 636, 19 South. 47. Yet, on the statement made by counsel, the court could in its discretion admit the deed, and, if the promised proof was not afterwards made, the defendant should have moved to exclude the deed, if he desired to insist upon that point. What has just been said applies, also, to the objection to the introduction of the mortgages from Peters to Frolichstein.

The bill of exceptions does not show that any objection was offered by the defendant to the introduction of the "certified copy of the record and judgment including a writ of possession by Frolichstein against Peters." The plaintiff was seeking to show by evidence that a title had matured in her father by adverse possession, and it was proper to show that whatever possessory title had been held by her father had vested in her. Hence it was proper to admit the deeds from her sisters and brother to her.

The question to the witness Leroy Kimball, "How long did he live on it claiming to hold for Frolichstein?" was proper, and the objection to it properly overruled. The court holds that this is not equivalent to the question as to whether a third party knew a thing, as in the case of *Ashford v. Ashford*, 136 Ala. 633, 640, 34 South. 10, 96 Am. St. Rep. 82, but has been recognized as allowable under previous decisions of this court.—*Eagle & Phoenix Co. v. Gibson*, 62 Ala. 369. The same question to the witness Cox comes under the same category. Besides, he did not answer it.

The defendant had brought out evidence of the proceedings in court by which the interest of Fannie Frolichstein had ben conveyed to Fiebleman, and it was not erroneous to allow the plaintiff to prove that said interest had passed from Fiembleman to the plaintiff, Amelia Frolichstein. But, from what has been heretofore said on the amendment of the complaint, it is evident that the evidence did not affect the case.

The court, at the instance of the plaintiff, gave the general charge in favor of the plaintiff as to a portion of the land sued for, and therein set forth. The defendant assigns this as error, and the plaintiff contends that it was proper, and that, as a consequence, any errors that may have been committed were errors without injury. Hence it becomes necessary to analyze the testimony. The land described in the charge and in the verdict consists of the E. 1-2 of section 26, and W. 1-2 of section 25 (which according to the testimony of the surveyors constitutes what is known as "section 37"), the S. E. 1-4 of section 24, and N. E. 1-4 of section 25. Nothing is said by any of the witnesses about either of the grantees, mentioned in either of the deeds, entering into possession under the deed; but, admitting that evidence that a party held the deed and at the same time was in possession of a part of the land described is sufficient to infer that he was holding under the deed, yet, in order to constitute either deed color of title, it is at least necessary to prove that the party to whom it was made was in possession of some part of the land and claiming it all.—*Nat. Bank of Augusta v. Baker Hill Iron Co..*, 108 Ala. 636, 639, 19 South. 47.

The first deed introduced is that of Chandler to Peters—Exhibit A. That deed describes section 37 and S. E. 1-4 of section 24; also "N. W. Div. A. of fraction 25, and Div. A. of frac. section 25, containing 5 acres." Whether the first call as to section 25 was meant for fractional section, or where "Div. A of frac. section 25" is, the record does not show. So that deed could not furnish color of title to any land in section 25, except what was comprehended in section 37, and in order to show color of title to that which is described, it was necessary to show possession of some part by Peters, and that

he claimed the entire tract. The evidence on that point was that Peters, about 1866, lived "on the right-hand side of Rapid creek, one of the prongs of Dog river, in range 2, but don't remember the township, and built a house there; remained there till 1871, or '72, when he was served with notice from Frolichstein to move away, and he did so. A man named Browning took possession, and held it for Frolichstein until 1876 of '77, when he was served with notice (from witness), and left." According to another witness, Peters lived "on section 25" about 48 years, had about 15 or 20 acres in cultivation, claimed it as his, and remained there 25 or 30 years, and a man named Browning (who the witness thinks "held for Frolichstein," he said so) did not live on the place, but lived "on the S. 1-2—the W. 1-2 of section 24," and remained there six or seven years, and a colored man lived on section 25 at the same time, and "he held for Frolichstein." The witness Kimball says Peters lived "down on Dog river, township 5, range 2 west. He was cutting wood, bringing it to town, and Frolichstein was selling it; do not know from what portion or section of land he cut wood; only know the wood was brought from Dog river." Witness Dock Smith says Peters lived "on Dog river and cultivated land on sections 24 and 25 from about 1860 till about the 70's. He cultivated 15 or 20 acres, and cut wood from sections 28 and 23. He had a man on section 27 who cut wood and cultivated in N. E. 1-4 of section 26. All of the land was open, unfenced, piney woodland, except where Peters lived, and except in section 26. It was not called 26 and 27. It was called 37." The witness Williams was employed by Fiebleman and paid by Miss Frolichstein to put up warnings against trespassers on lands in that neighborhood, but he cannot say what particular portions were posted; thinks the "lands were separated—not all in one batch." He does not say when this was done, except that it was after Frolichstein's death. The remaining witness could not describe the land on which Peters and Browning lived, nearer than that it was "on Dog river," and it was called the "Frolichstein place," or it was at the "three forks," or that he was living "between the L. & N. R. R. and the river," and

the map does not show an "L. & N. R. R." So it is evident that, not only was there a failure of color of title as to the N. E. 1-4 of section 25, but as to the remainder of the land the proof was not so definite and conclusive as to what land Peters was in possession of, to authorize the court to take the consideration of that question from the jury as to Peters' possession.

The next is the deed of Peters to Simon Frolichstein (Exhibit B) which does not describe any of the lands included in the charge. It does mention "Frac. N. E. 1-4 of sec. 25," but does not state in what township it is, and the other lands therein mentioned are said to be in section 13 and section 39; one of these last being in range 2 and one in range 1. So this deed cannot operate as color of title to any land.

The next paper offered is a mortgage from Peters to Simon Frolichstein (Exhibit C), dated April 24, 1867, which describes the land as section 37, bounded on the east by Dog river, etc., and the S. E. 1-4 of section 24 (with other property not involved in this suit), from which, according to the map in evidence, the greater part of N. E. 1-4 of section 25 is omitted, even allowing that the mention of the boundary could extend section 37 into said N. E. 1-4 of section 25 at all. There is nothing to show that this mortgage was ever foreclosed, or that possession was taken of the land on default of payment. On the contrary, the mortgage being in possession of the plaintiff, and no showing that anything was done under it for more than 20 years, the presumption would be that it was paid.

The lease of the small five-acre tract by Peters, and the release of dower by Mrs. Chandler, also the quitclaims of all interest, not describing any lands—Exhibits H and I—do not show anything about the possession of the land in question. Besides the fact, heretofore noticed, that a portion of the land is not described in the instruments claimed as color of title, it will be seen that the evidence is not at all definite as to just what land either Peters or Browning was in possession of. Dog river, of course, does not designate any particular section, and, when it is said that Peters lived on section 25, there is nothing to show what part of the sec-

22

[Scheidegger, et al. v. Terrell.]

tion; and, while Browning is placed on section 24, the witness distinctly states that it was on the west side, while the only part of 24 claimed is the S. E. 1-4. There is no direct proof of any possession by either of the Frolichsteins, but merely statements that Peters was notified to leave by Simon Frolichstein, and that some of the parties who held possession of undescribed lands claimed to hold for him, and that Amelia Frolichstein sent a man to put up notices; but he could not testify where he put them, except on some of the detached portions not claimed in this suit. There is no proof as to who has been in possession since Browning left about 1877, and one of the witnesses states that he does not know of any one living there since that time. These being the facts, the court erred in giving the general charge in favor of the plaintiff.

The judgment of the court is reversed, and the cause remanded.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.