# Brannan *v.* Henry.

## *Ejectment.*

(Decided January 18, 1912. 57 South. 967.)

1. *Public Lands; Statutes; Constitutionality.*—Acts 1878-9, p. 198, to regulate sales of swamp and overflow lands and validating purported sales thereof is constitutional.

2. *Statutes; Title.*—The provision giving a prima facie evidential effect to documents found in Acts 1911, p. 192, does not render the act violative of section 45, Constitution 1901.

3. *Same; Retroactive Laws.*—Acts 1911, p. 192, is not, in its application to cases arising prior to its passing violative of section 95, Constitution 1901; while ex post facto laws are prohibited, the rule is otherwise as to changes in the rules of evidence which pertain only to the remedy and not to the right.

4. *Same; Power of Legislature; Curative Acts.*—The legislature has the power to pass curative acts giving effect to defective conveyances of public lands.

5. *Evidence; Ancient Documents.*—When coming from the proper custody, an ancient document is self-proving and admissible without evidence of its authenticity.

6. *Same; Judicial Notice.*—The court will take judicial notice that there are two tracts of land in Mobile county which answer to the description "N. E. ¼ of section 36, township 2, range 4."

7. *Adverse Possession; Color of Title; Ambiguous Deed.*—Where one holds land adversely, claiming under a paper title which indifferently describes the land claimed or other land, the deed is admissible to show color of title, whether the ambiguity is patent or latent, for possession thereunder should put the true owner on inquiry.

[Brannan v. Henry.]

8. *Same; Hostility; Evidence.*—In connection with visible acts of ownership done on the premises, the payment of taxes upon land is evidential for the purpose of showing ownership and the extent of possession.

9. *Same.*—Since the substantive fact of payment, and not the proof of receipts, is the matter sought to be shown in evidence, one holding land adversely may prove payment of taxes without producing the receipts.

10. *Same.*—Payment of taxes on land is only evidence tending, in connection with other matters, to show adverse possession, and cannot alone establish the adverse holding.

11. *Same; Evidence.*—The evidence examined and held insufficient to show defendant's prescriptive title by adverse possession.

12. *Same; Color of Title; Effect.*—Color of title in itself is not evidence of adverse possession, but it requires evidence of visible acts of ownership, and can only draw and impart to the whole tract the same claim and character of possession which is impressed on that actually possessed.

13. *Appeal and Error; Harmless Error; Evidence.*—Where the evidence of adverse possession was insufficient to establish a defendant's right to any part of the land, the improper exclusion of a deed offered by him to show his color of title was harmless.

(Anderson and McClellan, JJ., dissent.)

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Ejectment by Mary Henry against L. I. Brannan. Judgment for plaintiff and defendant appeals. Affirmed.

See also 142 Ala. 698; 39 South. 92; 110 Am. St. Rep. 55.

RICH & HAMILTON, for appellant. The Act of April 4, 1911, is unconstitutional, because violative of section 45 of the Constitution of 1901, as well as section 95, Constitution 1901.—*M. J. & K. C. v. Turnipseed*, 219 U. S. 35. The Act of February, 1879 was also unconstitutional.—*Mobile D. D. Co. v. Mobile*, 146 Ala. 198; *Favors v. Glass*, 22 Ala. 621. The contrary has been held in *McClure Lumber Co. v. Jordan*, 54 South. 415, but it is respectfully submitted that that case should be overruled. The so-called patent should have

been excluded from evidence.—*So. Ry. Co. v. Cleveland,* 53 South. 767. The act of April 4, 1911, is not shown to apply to the patent in this case, and even if it were valid would not avail the plaintiff.—*Crawford v. The State,* 57 N. E. 931; *Ward v. Henry,* 59 Wis. 76; Greenl. Evid. sec. 62. The court erred in excluding the tax deeds as color of title in the defendant.—*Pugh v. Youngblood,* 69 Ala. 296; *Hughes v. Anderson,* 79 Ala. 209; *Stovall v. Fowler,* 72 Ala. 77; 90 Ala. 275; 108 Ala. 635; 91 Ala. 533. The description contained a latent ambiguity which could be explained by parol evidence.—*Bullock v. Malone,* Minor 400; *Pearson v. Adams,* 29 South. 977; *Moody v. A. G. S.,* 124 Ala. 195; *Stamphill v. Bullen,* 121 Ala. 250; *Barron v. Barron,* 122 Ala. 194; *Chambers v. Ringstaff,* 69 Ala. 140. The second tax deed related back and became as of the date of the first deed.—20 A. & E. Enc. of Law, 737, 2 Dev. on Deeds, 731-2; *Hawkins v. Pearson,* 96 Ala. 359. Brown paid for the land and went into possession under a deed, and the statute requiring filing of notice does not apply.—*Brannan v. Henry,* 142 Ala. 703. Counsel discuss charges given and refused but without further citation of authority.

ERVIN & McALEER, for appellee. The acts are not unconstitutional as failing to express in the title the substance of their provisions.—*State v. Crook,* 126 Ala. 600; *Montgomery v. Birdsong,* 126 Ala. 632; *Shepherd v. Dowling,* 127 Ala. 1; *A. G. S. v. Reid,* 124 Ala. 253; *Montgomery v. Robinson,* 69 Ala. 413; *Ex prate Pollard,* 40 Ala. 99. The acts cannot be said to contain two subject matters as everything therein is cognate to the main purposes.—*Mitchell v. The State,* 134 Ala. 392; *Ex parte Mayor of Birmingham,* 116 Ala. 186; *Jackson v. The State,* 136 Ala. Unconstitutionality

[Brannan v. Henry.]

must appear beyond reasonable doubt.—*Meyer v. Green,* 46 South. 270. The patent was an ancient document and proved itself.—*Jordan v. McClure L. Co.,* 54 South. 422; 8 A. & E. Enc. of Law, 729. The case of *So. Ry. Co. v. Cleveland,* relied on by appellant was decided prior to the passage of the acts of 1911. The patent was an ancient document, and being produced from the proper source proves its recitals as to the authority of the secretary.—3 Wig. sec. 2144. The defect in the first deed was patent.—*Chambers v. Ringstaff,* 69 Ala. 143; *Vann v. Lunsford,* 91 Ala. 580. A deed does not relate back so as to affect strangers to the conveyance. —*Chapman v. Fields,* 70 Ala. 404; *L. & N. v. Boykin,* 76 Ala. 560; *Dickerson v. Carroll,* 76 Ala. 380; *Reddick v. Long,* 124 Ala. 264; *Henry v. Frohlichstein,* 149 Ala. 337; *Johnson v. Donahue,* 124 Ala. 45. The evidence was insufficient to establish defendant's title by adverse possession.—*Chastang v. Chastang,* 141 Ala. 460; *Adler v. Prestwood,* 22 Ala. 373; *Robinson v. Allison,* 124 Ala. 329, and authorities supra. Counsel discuss the charges given and refused and insist that on the authorities above set out there was no error committed therein.

SAYRE, J.—In this case the appellee recovered judgment against the appellant in statutory ejectment for a quarter section of what was proved to have been swamp and overflowed lands conveyed by the government of the United States to the state of Alabama. Plaintiff claimed under the state. The defendant relied upon title acquired by an adverse possession for 10 years. Plaintiff put in evidence a patent purporting to have been issued by the state on January 2, 1872, to Thomas Henry, who is described therein as assignee of W. D. Mann, and a certified copy of the probated will of

Thomas Henry devising to her the land described in the declaration. On the theory perhaps that they were private acts, plaintiff also offered in evidence the act of February 12, 1879, entitled, "An act to further regulate the securing, preservation and sales of the swamp and overflowed lands of the state" (Acts 1878-79, p. 198), and the act of April 4, 1911, entitled, "An act to authorize the introduction in evidence of documents executed prior to February 12, 1879, by the Governor in person or in his name by his secretary, purporting to convey any of the state's lands, but ineffective as conveyances, and certified copies of the record of any such documents which have been recorded for as much as twenty years, and to prescribe the probative effect of such documents and copies."—Gen. Acts 1911, p. 192. Appellant holds that both these acts are unconstitutional, void, and of no avail to plaintiff, the effect of whose patent depended upon these statutes, the first confirming prior sales of swamp and overflowed lands where the purchase money had been paid to persons acting, or professing to act, for the state, the second giving evidential effect to patents defectively executed, and which recite either the payment of the purchase money or the deposit of a receipt or certificate of the officer authorized to receive the money acknowledging that payment had been made.

The act of 1879 had full discussion by able counsel in *Jordan v. McClure Lumber Company,* 170 Ala. 289, 54 South. 415, was carefully considered by the entire court, and was held to be free of constitutional objections such as are now urged against it. We do not see that any good purpose could be served by reopening the discussion.

Several faults are found in the act of 1911 as applicable to this case. For one, it is said that the title of

[Brannan v. Henry.]

the act gives no warning of that provision which gives a prima facie evidential effect to documents which recite the deposit of a receipt or certificate of the officer authorized to receive the money acknowledging that such payment had been made, as is the case in the patent put in evidence by the plaintiff. The argument seems to concede the validity of so much of the statute as gives effect to documents purporting to convey lands of the state and reciting payment of the purchase money; at least, it says nothing to the contrary. But it is said that the recital of a receipt or certificate of payment is nothing more than the recital of a recital. True; but we are unable to approve the inference drawn by appellant. If the title of the act had undertaken to catalogue those considerations which conveyances to be affected should recite, had particularly provided for the case of conveyances reciting payment, and had omitted mention of the case of those reciting mere receipts or certificates, the argument would hold. But that is not the nature of the title. It is comprehensively broad, and foreshadows an act dealing with documents purporting to convey any lands of the state without regard to the character of the recital of consideration to be found in such documents, without regard indeed to whether there is any recital of the sort. Section 45 of the Constitution 1901, to which the appellant here refers, has been much discussed, and is well understood. Mere generality of title does not invalidate a statute, so long as it fairly and reasonably expresses the subject-matter of the act, and is not made a cover for legislation incongruous in itself.—*Toole v. State,* 170 Ala. 41, 54 South. 195; *State v. Street,* 117 Ala. 203, 23 South. 807. In this case the title of the act is not unreasonably broad. It does fairly cover the provision to which the appellant objects, and contains no misleading

catalogue. The act, as for anything appearing so far, is valid.

The last cited case of *State v. Street,* sufficiently demonstrates the defect in appellant's argument that the act contains two subject-matters because it provides, not only for the probative effect of the original document, but provides for the introduction in evidence of certified copies where the original had been recorded for as much as twenty years. No reason why the Legislature might not in one act dispose of the subject of the patents it had in mind by giving effect to them as muniments of title and providing means of proving them can bulk large enough to require extended notice. The proposition contended for in the argument would seriously embarrass legislation by requiring laws to be narrowly and excessively restrictive in scope and operation, and by the multiplication of their number, without avoiding or suppressing any mischief against which the constitutional provision is directed.

But this suit was brought some four or five years before the passage of the act of 1911, and on this fact appellant bases a contention that it is unconstitutional in its application to this case. A clause of section 95 of the Constitution provides that: "After suit has been commenced on any cause of action, the Legislature shall have no power to take away such cause of action, or destroy any existing defense to such suit." Retrospective legislation dealing with the laws of evidence in criminal prosecutions and rendering a conviction more easy than it would have been at the time when the offense was committed is ex post facto and prohibited; but "the rule is otherwise as to changes in the rule of evidence in civil cases. These pertain to the remedy, and form no part of the obligation of an existing contract. It is a plain proposition, free from all

doubt, that no one possesses a vested right to existing rules of evidence, in civil causes of action, and the law-making power is at liberty to change them, from time to time, within the broad latitude of their sound discretion."—*Goodlett v. Kelly*, 74 Ala. 213; *State v. Thomas*, 144 Ala. 77, 40 South. 271; 2 L. R. A. (N. S.) 1011, 113 Am. St. Rep. 17, 6 Ann. Cas. 744. And the general principle is that statutory alterations in rules and methods of procedure, including rules of evidence, are always retrospective unless there be some good reason against it.—Endlich, Interp. Stat. §§ 282, 286. "Statutes which relate alone to the remedy, without creating, enlarging, or destroying the right, operate generally on existing causes of action, as well as those which afterwards accrue."—*Coosa River Co. v. Barclay*, 30 Ala. 120; *Tutwiler v. Tuskaloosa Co.*, 89 Ala. 391, 7 South. 398; *Birmingham Trust & Savings Co. v. Currey, Infra*, 57 South. 962. The act of 1911 in form provides a rule of evidence. By the act of 1879 the patent of 1872 became in effect a transfer of the state's original and undisputed title upon condition that the purchase money had been paid, and, under the act of 1911, it became in effect a deed subject to be defeated by proof that the purchase money had not been paid. Both statutes are curative in form and in effect. Curative statutes are by their very nature intended to act upon past transactions, and are therefore wholly retrospective. Their effect, in the absence of an express provision to the contrary, and saving the vested rights of innocent third parties, is to make the acts to which they relate valid ab initio. The power to cure past transactions defectively executed is a beneficent power. The last clause of section 95 of the Constitution does not abrogate the power of the Legislature to act in that way. It preserves the rights of the parties to pending

causes as they existed under the law at the time of the passage of an act, but puts no restraint upon the power of the Legislature in respect to the regulation of the manner in which those rights may be proved, except that it must not, under the guise of regulating the presentation of evidence, contrive in pending suits to take away a cause of action or destroy any existing defense. The act of 1911 has no inhibited effect. It cannot operate to impair any right defendant then had or may have since acquired. As to causes of action and rights of defense it leaves parties just where they were, but arms them, whether plaintiffs or defendants ·with means of proving a fact about which, in view of the state's repeated recognition of it, there ought now to be no doubt. It leaves the defendant as free as he ever was to prove any title he may have acquired at any time or in any way. To take cognizance of the difficulties in making proof which, as it happens in this case, the statute shifts from the plaintiff to the defendant—proof which, it may be noted, does not affect defendant's title, though it does go to plaintiff's title in its bare legal aspect—for the purpose of destroying the statute, would be to deny the right of the Legislature to pass laws affecting the rules of evidence. That power has been too often conceded by the courts to be now denied, and doubtless the difficulty of proving facts has in the great majority of cases furnished the reason why such acts have been passed. So, then, conceded for the argument that at the time of the passage of the act of 1911 the defendant by virtue of section 95 of the Constitution had a vested right in that rule of law which permitted him to defeat plaintiff's action by showing an outstanding title in the state, and thereby conceding also that the state might not have made its acknowledgment of the receipt of the purchase money for this land conclusive as to all the

[Brannan v. Henry.]

world, instead of prima facie only, we conclude that the acts of 1879 and 1911 were not in excess of legislative power, and that the objections to those acts and the plaintiffs patent were properly overruled.

The patent purported to be an ancient document, came from the proper custody, and was free of circumstances casting suspicion upon its genuineness. Under these conditions, it was self-proving, and needed no further evidence of its authenticity (*Jordan v. McLure Lumber Co., supra*), or its date (*Brown v. Nelson*, 164 Ala. 397, 51 South. 360). It was properly admitted in evidence.

Defendant testified that he had, with intermissions—intermissions of which we will speak more in detail hereafter—been in possession of the land in controversy since 1890, and in connection with this testimony he offered in evidence what purported to be a tax deed made to him by Cyrus D. Hogue, auditor, on April 3, 1890, conveying the N. E. ¼ of section 36, township 2, range 4, lying and being situated in Mobile county, Ala. The deed was not offered as a muniment of title, but the offer was expressly limited to the purpose of showing color of title. The court sustained plaintiff's objection to this deed, and this ruling was objected to, and is assigned for error. This same question was raised in this case on a former appeal.—142 Ala. 698, 39 South. 92, 110 Am. St. Rep. 55. As then stated, the court judicially knows that there are two tracts of land in Mobile county answering to the description in the auditor's deed. But the court conceding, grudgingly it seems, that this description constituted a patent ambiguity which rendered the conveyance void for uncertainty and unavailable as color of title, as seems to have been held also in the later case of *Henry v. Frolichstein*, 149 Ala. 337, 43 South. 126, found relief from the situation by

having recourse to a recital of the deed to the effect
that the land so described had been advertised and sold
in 1881 for taxes due from M. D. Mann, the owner of
said land, holding that this reference to the ownership
of the land would authorize a resort to competent parol
evidence in aid of the description, and that, therefore,
the deed should have been admitted for the purpose of
showing color of title. The court concluded: "The de-
fendant should, under the rule above declared, have
been permitted to show that he purchased the land and
paid for it, and that he was claiming under the pur-
chase. This does not mean that the deed would have
been admissible in evidence without proof aliunde aid-
ing the description." The court below seems to have
understood this to mean that, in order to get the deed
before the jury as color of title, it was necessary that
there should be some evidence that Mann owned the
land. There was no such evidence, and the court ex-
cluded the deed. Appellant understands that evidence
that he had taken possession under the patent of land
answering its description was enough to identify the
land and render the patent available for color of title.
He relies upon *Barron v. Barron,* 122 Ala. 194, 25 South.
55, and the cases there cited. In that case the convey-
ance described the land as "the east half of the south-
west fourth of section thirteen, township thirteen, range
four east," without giving state or county, or saying
whether the land lay east of St. Stephens or Huntsville
meridian. It was held competent by parol evidence to
identify the land, and thus supply the defiiciency in de-
scription in the mortgage. We think our cases, in con-
nection with the theory underlying the doctrine of color
of title, lead to the conclusion that, where one holds
land adversely claiming under a paper title which de-
scribes indifferently the tract held and another, whether

[Brannan v. Henry.]

the ambiguity be latent or patent, and though the paper title be void for other reasons, possession so held puts the true owner on inquiry which, it must be presumed, will disclose the character and territorial extent of the adverse claim. See *Crowder v. T. C. I. Co.*, 162 Ala. 151, 50 South. 230, 136 Am. St. Rep. 17, and cases there cited.

Defendant should have been allowed to prove payment of taxes from 1890 to the time the suit was brought. Payment of taxes, in connection with visible acts of ownership done upon the premises, is evidence tending to show claim of ownership and extent of possession.— *Baucum v. George*, 65 Ala. 259; *Green v. Jordan*, 83 Ala. 221, 3 South. 513, 3 Am. St. Rep. 711; *Knight v. Hunter*, 155 Ala. 238, 46 South. 235. And this, notwithstanding defendant's failure to produce receipts. The effort was not to prove the contents of receipts that may have been given, but to prove the substantive fact of payment.—2 Wig. Ev. § 1245; *Johnson v. Cunningham*, 1 Ala. 249; *Bank v. Borland*, 5 Ala. 531; *Fletcher v. Riley*, 169 Ala. 433, 33 South. 816.

But the errors indicated did no harm to the defendant. The theory of this court's decision heretofore has been that color of title is not of itself evidence of adverse possession, and that it requires as much evidence of visible acts of ownership exercised on the premises to prove an adverse holding with color as without it. "It can only draw and impart to the whole the same claim and character of possession which is impressed upon the part by actual possession."—*Crowder's Case, supra.* The payment of taxes also is evidential in the way indicated above; but, standing alone, it can avail nothing. Assuming, then, that defendant proved color of title and the payment of taxes, both covering the entire period from 1890 to 1907, when this suit was

[Brannan v. Henry.]

brought, it appears upon an analysis of the evidence that during the interval between 1894, in which year defendant ceased to cut timber from the land, and the small house and the fence around the ox lot which he had built disappeared, and the year 1900 when the trees were boxed for turpentine and cross-ties were cut, plaintiff went upon the land on two occasions only. Upon those occasions he went for timber for axe handles and wagon spokes. At another place defendant testifies that he and his brother cut firewood at times, but hauled nothing from the land. The only other purpose to which the land was put during this interval of six years was that defendant's cattle grazed on it, being turned out at the house, which we take to mean defendant's dwelling in the neighborhood, but not on the land. The neighbors' cattle also grazed there. Sheep were turned into the woods and stayed there, because, as plaintiff states, they would not cross the water, meaning by water a slough which defined the tract on one side. We know that the grazing of cattle on uninclosed land signifies nothing, and that the occasional gathering of firewood amounts to hardly anything more. Nor did the cumulative effect of all the facts warrant the inference of any open, notorious, and hostile possession for any continuous period of 10 years. Whatever may have been the character and effect of the possession shown by the defendant during the period from 1890 to 1894, and however much it may be given in the ordinary case to mere short-lived intermissions in the physical demonstration of the premises of a hostile claim, we are of the opinion in this case that, after according to defendant's evidence the utmost probative force it was entitled to receive under the rules of evidence, the facts shown in respect to the possession of this land during the interval of six years show a serious break in the continuity

[Brannan v. Henry.]

of possession fatal to the appellant's claim of title. There is no dispute about the principles of law obtaining in such cases. They are of familiar and oft-repeated statement. It may be conceded, however, that our cases have shown some diversity of opinion as to their application to the facts of cases as they have arisen. We have considered the evidence in this case in all its bearings, and are of opinion that the facts testified to on behalf of the appellant, whatever they may be held to show in respect of his intention to claim ownership during the period of six years, or thereabouts, they fail to show that continuity of possession without which mere intention amounts to nothing. They show at most only occasional disjointed acts of possession affording in our judgment no sufficient basis for a verdict which would divest the true owner of. his title. The trial court might well have given the general affirmative charge for plaintiff, since the burden of proving title by adverse possession was upon the defendant. This conclusion eliminates all questions as to rulings assigned for error, other than those we have noticed, and the judgment will be affirmed.

Affirmed. All the Justices concur except DOWDELL, C. J., not sitting, and ANDERSON and McCLELLAN, J., dissenting.

McCLELLAN, J.—The announcement in the opinion of the court that the conjoint effect of the acts of 1879 and of 1911, upon the patent from the state, was that "it became in effect a deed subject to be defeated by proof that the purchase money had not been paid," was not, as appears from the feature of the opinion treating these acts, intended to affirm that these acts operated upon the instrument or title in any direct, immediate sense, or that they (acts), together or alone, changed the

condition precedent of the act of 1879 to a condition subsequent in respect of the payment of the purchase money.  The sum of this announcement is that the general result wrought by these acts was to impose the perhaps difficult task of refuting the prima facie evidence of compliance with the condition of previous payment fixed in the act of 1879, upon him whose asserted right rests for vindication or enforcement upon the noncompliance by the patent holder with the condition of previous payment of the purchase money.  Such must, of course, be the meaning of the quoted announcement; for otherwise the ruling, in which the writer concurs, that that act (1911) only established rules of evidence would be necessarily departed from, and thereby leave the decision with inconsistent conclusions pronounced.

The act of 1911, when considered in connection with that of 1879, does not change the burden of proof from where it was under the act of 1879; but, and at most, it aids, arms, the patentee and his successors in right with means to meet his obligation to show prima facie that his purchase was within the benefit of the act of 1879.

2.  The court below having erred, as this court holds, in excluding the testimony of defendant that he had paid taxes on the land continuously for 21 years, beginning in 1890, and also in excluding the auditor's deed to defendant, as color of title under which defendant entered the possession in 1890—in both of which rulings the writer concurs—the writer is of the opinion that a reversal for these errors should enter.  This result cannot, it seems to the writer, be soundly avoided by the further finding that the affirmative charge upon the issue of adverse possession was plaintiff's due.  If it would not too greatly lengthen this opinion at this time, I should set out the defendant's testimony, by which, in my judgment, the matter was clearly made a jury ques-

tion. At a future and more convenient time this testimony will be fully stated, if not its material substance quoted.

In my opinion the judgment should be reversed.