(97 South. 97)

**MILLER–BRENT LUMBER CO. v. STATE et al. (4 Div. 27.)**

(Supreme Court of Alabama. June 9, 1923.)

**I. Taxation ⊕⇒593(1)—Substituted tax assessments, preliminary proceedings, etc., held admissible in suit for delinquent taxes.**

In a suit for taxes not paid on demand, as required by Revenue Act 1919, § 198, and for a lien therefor under section 416, tax records substituted for lost records under Act Oct. 29, 1921, p. 22, section 23 of which declares it remedial and retroactive, decrees on such substituted assessments, proceedings preliminary thereto, and the required notices and orders *held* admissible, though the substitution was made before the bill was filed; the lien attaching on due assessment not being destroyed by loss of the records.

---

⊕⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**2. Taxation ⬷═593(3)—Tax assessor's certificate to state tax commission sufficient to prove loss of tax records.**

The tax assessor's certificate notifying the state tax commission of the loss of tax records, as required by Act Oct. 29, 1921 (Acts 1921, p. 22), imports absolute verity, unless successfully impeached, and hence is sufficient to prove the loss of such records.

**3. Constitutional law ⬷═284(2)—Constructive notice of proceedings to substitute lost tax records sufficient.**

Proceedings to assess taxes and substitute lost tax records being in the nature of proceedings in rem, reasonable notice by publication, as required by Acts 1921, p. 22, is sufficient as due process under Const. U. S. Amend. 14, as are the published notices of assessments required by Revenue Act 1919.

**4. Constitutional law ⬷═106, 137—Records ⬷═2—Act authorizing substitution of lost tax records not invalid as impairing vested or contract right, validating unconstitutional proceeding, taking away cause of action or defense, or reviving barred right.**

Act Oct. 29, 1921 (Acts 1921, p. 22), authorizing substitution of lost tax records, *held* not invalid as impairing a vested or contract right, validating an unconstitutional proceeding, taking away a cause of action (Const. § 95), destroying a defense to a pending suit, or reviving a right or remedy barred by lapse of time or by statute; the effect on a pending suit for delinquent taxes, the records of which were lost, being merely to change the rule of evidence for ascertaining the tax lien.

**5. Constitutional law ⬷═80(1)—Act conferring on tax adjuster concurrent jurisdiction with chancery court to substitute lost tax records not invalid.**

That the chancery court has original jurisdiction to substitute lost tax records, where there is no conflict of jurisdiction with a law court or other statutory proceeding, does not invalidate Act Oct. 29, 1921 (Acts 1921, p. 22), conferring concurrent jurisdiction on the tax adjuster.

**6. Constitutional law ⬷═284(2)—Due process clause not offended by act authorizing substitution of tax records on notice by publication.**

Act Oct. 29, 1921 (Acts 1921, p. 22), authorizing substitution of lost tax records on a hearing by the tax adjuster after notice by publication and providing for appeals by taxpayers to the state tax commission and Court of Appeals, *held* not invalid as not providing for due process and an opportunity to defend, nor as ignoring or offending the rule that the courts are governed by substance and not mere form in determining whether such rights are denied.

**7. Statutes ⬷═115(2)—Title of act authorizing substitution of lost tax records held not defective as not showing intent to make act retroactive.**

The title of Act Oct. 29, 1921 (Acts 1921, p. 22), "to provide a statutory method for substituting any tax record * * * lost, stolen or destroyed," etc., *held* not offensive to Const. § 45, as showing no intention to give the act retrospective effect; no provision of the act being foreign to its title, which fully discloses or embraces each.

**8. Constitutional law ⬷═175 — Retrospective legislation changing rules of evidence does not effect obligation of existing contract.**

Retrospective legislation changing rules of evidence in civil cases is no part of the obligation of an existing contract, no one having a vested right to such rules, which the Legislature, within the broad latitude of its sound discretion, is at liberty to change.

**9. Statutes ⬷═267(1) — Statutory changes in rules and procedure retrospective in absence of good reason to contrary.**

Statutory alterations in rules and methods of procedure, including rules of evidence, are always retrospective, unless there be some good reason against it.

Appeal from Circuit Court, Coffee County; Arthur B. Foster, Judge.

Bill by the State of Alabama and Coffee County against the Miller-Brent Lumber Company. From a decree for complainants, defendant appeals. Affirmed.

The bill alleges that on February 18, 1921, the tax records of Coffee county, for the year beginning October 1, 1919, were removed or stolen, among which records was the assessment of the defendant. Exhibits to the bill are averred, upon information and belief, to be substantial copies of the original records so far as they relate to the assessment of the defendant. Further, upon information and belief, it is averred that the defendant has failed to pay its taxes due, and has been delinquent in such payment since January 1, 1921; and that demand has been made upon the taxpayer as required by section 198 of the Revenue Act of 1919. There is averment of the amounts due to the complainants by the defendant, and a lien, under section 416 of the 1919 act, is asserted. The prayer is for the ascertainment of the correctness of the copies of assessment records exhibited with the bill, the substitution thereof for the original records, and for a decree against respondent for the amount of taxes due and lien upon defendant's property to that extent.

J. A. Carnley, of Elba, for appellant.

The act approved October 29, 1921 (page 22) is void, because undertaking to destroy an existing defense to a pending suit, because its title fails to show its retroactive effect. Const. Ala. § 95, 22; Lindsay's Case, 120 Ala. 168, 24 South. 171, 42 L. R. A. 783; Leahart v. Deedmeyer, 158 Ala. 295, 48 South. 371; Goulding Fertz. Co. v. Blanchard, 178 Ala. 298, 59 South. 489; Brannan v. Henry, 175 Ala. 454, 57 South. 969. The act also is in violation of the due process clause of the Fourteenth Amendment to the Constitution of the United States. Evans v. Evans, 200 Ala. 329, 76 South. 95; Simon v.

---

⬷═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Craft, 182 U. S. 427, 21 Sup. Ct. 836, 45 L. Ed. 1165; L. & N. R. Co. v. Schmidt, 177 U. S. 230, 20 Sup. Ct. 620, 44 L. Ed. 747; Montgomery Bank v. Walker, 181 Ala. 368, 61 South. 954; 8 Cyc. 1095; Betancourt v. Eberlin, 71 Ala. 467.

W. W. Sanders, of Elba, for appellees.

The act of 1921 is remedial in nature and applies to pending cases. Board of Rev. v. Hewitt, 206 Ala. 405, 90 South. 781; Barrington v. Barrington, 200 Ala. 315, 76 South. 81; Ex parte Buckley, 53 Ala. 42; Cooley's Const. Lim. 347. It is only required that notice by publication shall be reasonable. Cooley, Tax'n, 60; Bellingham Bay & B. C. R. Co. v. New Whatcom, 172 U. S. 314, 19 Sup. Ct. 205, 43 L. Ed. 460; Paulsen v. Portland, 149 U. S. 30, 13 Sup. Ct. 750, 37 L. Ed. 637. The title of the act is sufficient. State v. Sayre, 118 Ala. 1, 24 South. 89; State v. Street, 117 Ala. 203, 23 South. 807; Ex parte Mayor, etc., 116 Ala. 186, 22 South. 454; Ballentyne v. Wickersham, 75 Ala. 533. It does not strike down any existing defense. Scheuing v. State, 177 Ala. 162, 59 South. 160.

THOMAS, J. The bill in equity was to ascertain the amount of taxes due the state and county for the tax year indicated, and to enforce the respective liens thereon for the taxes.

The subject of the jurisdiction of a court of chancery to re-establish lost or destroyed records, such as are the subject of consideration, was recently discussed in Wise v. State, 208 Ala. 58, 93 South. 886.

[1] The court committed no error in admitting in evidence the substituted tax assessments and decrees thereon, the preliminary proceedings thereto, and the respective notices and orders thereof provided and required by statute to be given to a due substitution of such tax records. It is immaterial that the substitution of the records was made subsequent to the filing of the bill in the instant case. The tax having been duly assessed, etc., the lien for such taxes attached, that lien was not destroyed by the loss or theft of the records in question, and may be substituted under a retrospective statute. Folsom v. Carnley, post, p. 131, 97 South. 95.

The authority to establish the records, as was done in this case, is to be found in the Act of the Special Session, 1921, page 22 et seq.:

"To provide a statutory method for substituting any tax record in any county in this state and giving to the substituted records the same force and effect for all purposes as the original had, where such original record has been lost, stolen or destroyed."

It is provided in the act that when any tax record has been lost, stolen, or destroyed, the same may be substituted, "and such substituted record shall be of equal validity with the original"; and that notice of the proceedings prior to the decree of substitution shall be given by publication. Provision is also made for objection by the taxpayer and for appeals; and, in fact, adequate procedure is provided for carrying into effect the purposes and provisions of the act. State Tax Commission v. Bailey & Howard, 179 Ala. 620, 627, 60 South. 913. To meet any suggestion of due process, it is specifically provided that any taxpayer who is aggrieved at the findings of the tax adjuster and the state, or the county, shall have a right of appeal from such findings to the state tax commission, which commission is given authority to hear, consider, and determine such appeal, and, for such purpose, to "sit at the State Capitol"; and any such taxpayer shall have a further right to appeal from the findings or the decree of the state tax commission to the Court of Appeals of the state within the reasonable time provided by the act. In section 23 of the act is contained the legislative declaration that its provisions are intended to be remedial, and shall apply both to the case where any such tax records of a county have been so lost, stolen, or destroyed before the passage and approval of the act, as well as to the case of the loss, theft, or destruction of such records thereafter. It is apparent that the provisions of the statute were prepared after a full knowledge of the effect of statutes having retrospective operation. Barrington v. Barrington, 200 Ala. 315, 322, 76 South. 81; Board of Revenue of Jefferson County v. Hewitt, 206 Ala. 405, 90 South. 781; Ex parte Buckley, 53 Ala. 42, 53.

The act was approved on the 29th day of October, 1921, and the original bill in this cause was filed October 8, of the same year, prior to the passage of the act. Being remedial in its nature, and having retrospective operation, the statute applied to pending cases.

The retrospective operation of statutes has been often discussed by this court. It is said that a statute intended by the Legislature to be applied to, or have effect on, past actions, transactions, contracts, offenses, or the exercise of power, may be valid and effective when the Legislature originally had authority to confer the power, or to authorize the act or transaction; that is to say, in cases where the curative statute does not (1) have the effect of impairing a vested or contract right, or (2) of validating an unconstitutional statute or proceeding, or (3) of taking away a cause of action, or (4) of destroying an existing defense to a cause of action after suit has been commenced, or (5) of reviving a right or remedy which had been barred by lapse of time or by statute. Board of Revenue of Jefferson County v. Hewitt, 206 Ala. 405, 409, 410, 90 South. 781; Cooley, Constitutional Limitations (6th Ed.) p. 454; 1 Dillon, Municip. Corpr. (5th Ed.) § 129, p. 231;

Chuoco Tiaco v. Forbes, 228 U. S. 549, 33 Sup. Ct. 585, 57 L. Ed. 960.

[2] The observation of appellant's counsel is that the loss of the original record may not be proven by the certificate of the tax assessor. The authority was given by section 2 of the Act of October 29, 1921 (Acts, p. 22), to the tax assessor to notify the state tax commission in writing of the loss, theft or destruction of such records. The record shows that the first step looking to the substitution of such lost or stolen tax records was made by the certificate of the tax assessor notifying the state tax commission, in writing, as required by the act, of the loss, theft, or destruction of the tax records made the subject of this controversy. This certificate, unless successfully impeached, imports absolute verity. There was no proof tending to impeach the tax assessor's certificate, and hence the loss of such original records was sufficiently proved as required and provided by law.

[3] The statutory method for substituting a tax record in any county, where the same has been lost, stolen, or destroyed, was essentially a proceeding in rem as to certain of the initial proceedings, and the nature thereof was not changed until it became in personam by intervention of interested taxpayers availing of the hearings and appeals. It was not essential to the validity of such proceedings that personal notice be given to the parties affected. State Tax Commission v. Bailey & Howard, 179 Ala. 620, 60 South. 913; Evans v. Evans, 200 Ala. 329, 76 South. 95. The constructive notice provided (under the due process clause of the Fourteenth Amendment to the Constitution of the United States) is all that is required of the proceedings to re-establish the tax assessments of the state or county. Validity is to be found in the provisions of the Revenue Act of 1919 (Laws 1919, p. 282), authorizing the assessments of taxes, resident and nonresident, and providing for notices to such property owners and taxpayers; such notices, prescribed by publication are sufficient to acquaint those having property in the jurisdiction of the state and county, to discharge this public duty by due assessments of the taxes as required by law. No sound reason exists why a like notice of the substitution of the lost, stolen, or destroyed tax record is not sufficient as due process. The original proceeding to a due assessment of the tax, and that for the substitution of such original record, is in the nature of a proceeding in rem, not affecting the person in the sense of creating a primary personal obligation, but necessary in a discharge of the burdens of government imposed by law. And when reasonable constructive notice is given by publication of such proceedings, it is sufficient. Analogy is contained in Gill v. More, 200 Ala. 511, 76 South. 453; Joseph & Bros. Co. v. Hoffman, 173 Ala. 568, 56 South. 216. Authorities are collected on the subject

210 ALA.—3

in 15 R. C. L. 633. The requirement is of a reasonable notice by publication, and the act is a reasonable exercise of the legislative power in the prescription of the notice contained therein. Such notices have been sustained by the Supreme Court of the United States. Paulsen v. City of Portland, 149 U. S. 30, 13 Sup. Ct. 750, 37 L. Ed. 637; Bellingham Bay & B. C. R. Co. v. New Whatcom, 172 U. S. 314, 19 Sup. Ct. 205, 43 L. Ed. 460; Merchants' Bank v. Pennsylvania, 167 U. S. 461, 466, 17 Sup. Ct. 829, 42 L. Ed. 236, 238; St. Louis S. W. R. Co. v. Ark. ex rel. Norwood, 235 U. S. 350, 367, 35 Sup. Ct. 99, 59 L. Ed. 265, 273. No other notice is required to a taxpayer than that given as the reasonable requirements of law. Clement Nat. Bank v. Vermont, 231 U. S. 120, 143, 34 Sup. Ct. 31, 58 L. Ed. 147; C., N. O. & T. Pac. R. R. Co. v. Commonwealth of Kentucky (see s. c. Reporter's Ed., "Ky. R. R. Tax Cases," 321–339), 115 U. S. 321, 6 Sup. Ct. 57, 29 L. Ed. 414.

[4-6] The curative statute under discussion, of date October 29, 1921, had not the effect in the instant case (1) of impairing a vested or contract right; or (2) of validating an unconstitutional proceeding; or (3) of taking away a cause of action (Const. § 95; Lindsay v. U. S. S. & L. Assn., 120 Ala. 156, 24 South. 171, 42 L. R. A. 783); or (4) of destroying an existing defense to a cause of action after suit has been commenced; or (5) of reviving a right or remedy which had been barred by lapse of time or by statute. The effect of that statute upon this suit, pending at the date of its approval by the Governor, was merely as affecting the rule of evidence for the ascertainment of the tax lien then existing—providing "a statutory method" for the substituting of the original tax return made by defendant, or its agents for it, on or after the beginning of the tax year in question. No right of due process, under the state and federal Constitutions, has been stricken down by this statutory proceeding for the substitution of the tax records under the circumstances indicated, and in the manner prescribed. The fact that the right of substitution exists under the original jurisdiction of the court of chancery, where there would be no conflict of jurisdiction with a law court or other statutory proceeding to the end indicated (Wise v. State, 208 Ala. 58, 93 South. 886), did not prevent the conferring of the concurrent jurisdiction provided by the act of October 29, 1921. The well-recognized and essential elements of due process of law of notice and opportunity to defend, and the rule that, in determining whether such rights are denied, the courts are governed by the substance and not by mere form, are not ignored or offended by this statute. Simon v. Craft, 182 U. S. 427, 21 Sup. Ct. 836, 45 L. Ed. 1165; L. & N. R. Co. v. Schmidt, 177 U. S. 230, 20 Sup. Ct. 620, 44 L. Ed. 747; Montgomery Bank & Trust Co. v. Walker, 181 Ala. 368, 61 South. 951.

In Simon v. Craft, supra, Mr. Justice White said:

"* * * The due process clause of the Fourteenth Amendment does not necessitate that the proceedings in a state court should be by a particular mode, but only that there shall be a regular course of proceedings in which notice is given of the claim asserted, and an opportunity afforded to defend against it. Louisville & N. R. Co. v. Schmidt, 177 U. S. 230, 236, 44 L. Ed. 747, 750, 20 Sup. Ct. Rep. 230, and cases cited. If the essential requisites of full notice and an opportunity to defend were present, this court will accept the interpretation given by the state court as to the regularity under the state statute of the practice pursued in the particular case."

[7-9] The insistence of appellant that the title of the act of October 29, 1921, was offensive to section 45 of the Constitution, on the ground that there was nothing in such title showing an intention to give the act retrospective operation, is untenable. Lindsay v. U. S. S. & L. Ass'n, 120 Ala. 156, 24 South. 171, 42 L. R. A. 783; Leahart v. Deedmeyer, 158 Ala. 295, 48 South. 371; Ballentyne v. Wickersham, 75 Ala. 533. The very purpose of the act was retrospective—"to provide a statutory method for substituting any tax record in any county" when the original record has "been lost, stolen or destroyed," and to give to the substituted record the same effect for all purposes as the original had. This method was declared not to be exclusive of any other method already existing; no provision of the act was foreign to its title, and each was fully disclosed by or embraced in the title. It is unnecessary to further indicate that the act was highly remedial and retrospective in operation, yet it did not destroy any existing defense, nor is it "definitive of substantive rights" of any taxpayer, nor does it take away any cause of action, and was not offensive to section 95 of the Constitution or to any announcement contained in Goulding Fertz. Co. v. Blanchard, 178 Ala. 298, 309, 59 South. 485; Brannan v. Henry, 175 Ala. 454, 461, 57 South. 967. This necessarily follows, from the well-established rules that retrospective legislation dealing with changes in the rule of evidence in civil cases forms no part of the obligation of an existing contract; that no one possesses a vested right to existing rules of evidence in such action, and "the lawmaking power is at liberty to change them, from time to time, within the broad latitude of their sound discretion." Scheuing v. State ex rel. Atty. Gen., 177 Ala. 162, 165, 167, 59 South. 160; Brannan v. Henry, supra; State v. Thomas, 144 Ala. 77, 40 South. 271, 2 L. R. A. 1011; Goodlett v. Kelly, 74 Ala. 213. The general principle is that statutory alterations in rules and methods of procedure, including the rules of evidence, are "always retrospective unless there be some good reason against it. Endlich, Interp. Stat. §§ 282, 286; Brannan v. Henry, supra. 'Statutes which relate alone to the remedy, without creating, enlarging, or destroying the right, operate generally on existing causes of action, as well as those which afterwards accrue.' Coosa River Co. v. Barclay, 30 Ala. 120; Tutwiler v. Tuskaloosa Co., 89 Ala. 391, 7 South. 398; Birmingham Trust & Savings Co. v. Currey, 57 South. 962." Dickson v. Ala. Mach. & Sup. Co., 18 Ala. App. 164, 89 South. 843.

Appellant insists that there was no proof of the original tax assessment and of its subsequent loss, spoliation, or destruction; and that error was committed in admitting in evidence the decree, together with all preliminary steps pursuant thereto, as provided by the statute. The initial procedure, of statutory requirement, was the report of the proper officer to the state tax commission of such loss or destruction of the original tax records. This was sufficient, in the absence of other evidence to the contrary on this point.

The judgment of the circuit court, in equity, is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.