# Toole *v.* The State.

*Violating Prohibition Law.*

(Decided Nov. 17, 1910.   Rehearing denied Jan. 14, 1911.
54 South. 195.)

1. *Intoxicating Liquors; Search and Seizure; Proceedings; Nature.*—A proceeding originating in a search warrant under section 22, acts 1909, p. 74, is not a criminal prosecution, but a proceeding in rem, which determines the status of the property as to the whole world upon reasonable personal or general notice.

2. *Same; Power to Control Traffic; States.*—Citizens of the state have the right to import and keep intoxicating liquors and beverages for their own use and such liquors are not subject to seizure and condemnation.

3. *Same; Seizure and Forfeiture; Claims to Property; Sufficiency.* —Where liquor has been seized under section 22, acts 1909, p. 74, the allegation of the claimant that he was interested in the property seized is defective for failing to show that such claimant had such an interest as entitled him to defend.

4. *Same; Search Warrant; Return; Sufficiency.*—Under the subdivisions 9 and 14, section 22, acts 1909, p 82, a search warrant is-

[Toole v. The State.]

sued by a judge of the city court of Montgomery returnable "before me at Montgomery, Alabama," being returnable into court, and in fact so returned, is not void because not made returnable into court "in term time."

5. *Same; Seizure and Forfeiture; Warrant; Affidavit; Probable Cause.*—The ascertainment of probable cause for the issuance of a search warrant for intoxicating liquors involved the exercise of a judicial function, and was, therefore, not a subject of review or reversal on weight of evidence, and hence, a motion to quash because the warrant was issued upon an affidavit made by a non-resident under an assumed name, was properly overruled.

6. *Same; Recitals.*—Since search warrants other than those in respect to intoxicating liquors are not required to recite a finding of probable cause, and since the act prohibiting the sale and providing for the search and seizure provides that such search warrant may be in substantially the form prescribed by section 7762, code 1907, it is not necessary that the warrant contain a recital that the issuing magistrate had ascertained probable cause. Its issuance in the discharge of sworn official duty, sufficiently affirmed that fact.

7. *Same; Return.*—The fact that a search warrant was not marked filed until several days after its return to the clerk of the city court, whence it issued is a mere clerical irregularity that cannot prejudice the defendant.

8. *Jury; Right to Trial by; Infringement.*—The provisions of subdivision 12, section 22, Acts 1909, p. 81, in no way deny or infringe the constitutional right to trial by jury, since the jury has the right and the duty upon consideration of the whole case to refuse to convict unless satisfied beyond a reasonable doubt of the guilt of the accused, although permitted to take the keeping of prohibited liquors as sufficient evidence of guilt in the absence of contradiction.

9. *Appeal and Error; Review; Ground; Matter Before Court.*—Where a proceeding by the State against the claimant of intoxicating liquors is tried before the court without the demand for or intervention of a jury, and no question was raised as to the section of the act making the keeping of liquor prima facie evidence of a keeping for sale in violation of law, the question of the effect of that provision is not before the court on appeal, and it cannot be said that the judgment of the lower court was erroneous on that account.

10. *Searches and Seizure; Scope; Unreasonable Search; Description of Property.*—Where the affidavit and the search warrant described the premises as a place at 14 Jefferson street, in the city of Montgomery, to-wit, a stable or storehouse, in the rear of the residence at said 14 Jefferson street, and the mandate of the writ was for the search of said place or premises, the description did not warrant the search of two places, but of one place answering to one or the other of two descriptions, and hence, was a sufficiently definite description of the premises to prevent an unreasonable search.

11. *Commerce; Intoxicating Liquors; State Law; Wilson Bill.*—Construing section 23, Acts 1909, p. 86, together with the act of congress August 8, 1890, 26 statutes 313, it is held that the keeping of beer in storage after its arrival was an interruption of its course

[Toole v. The State.]

of shipment and made it subject to the state laws; the facts being as contended by the claimant that he was the agent of the shippers who retained the right of disposing of same and had received the beer as ordered through him by purchasers to whom he was to deliver it.

12. *Statutes; Subjects and Titles; Constitutional Requirement.*—Acts 1909, p. 63, has for its purpose the suppression of the evils of intemperance, and the statute was not violative of the constitutional requirement that each law shall contain but one subject. (Sec. 45, Const. 1901.)

13. *Same; In General.*—It is no objection to an act that its subject is broadly and comprehensively expressed in its title, so long as the generality of its title is not made to cover legislation incongruous in itself, and which by no fair intendment can be considered as having a necessary or proper connection with the one general subject expressed.

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

Proceedings by the state of Alabama against W. J. Toole, for the condemnation of intoxicating liquors. Judgment for the state and the claimant of the liquors appeals. Affirmed.

STEINER, CRUM & WEIL, and GOODWYN & McINTYRE, for appellant. The warrant was not made returnable to the proper tribunal, and hence, was subject to motion to quash.—*Holberg M. Co. v. The State,* 48 So. 620. The warrant fails to describe the place with certainty, which was to be searched.—*State v. Duane,* 100 Me. 447. Pleas 2 and 4 show that the property was still the subject of an interstate shipment, and was the subject of interstate commerce.—*Adams Ex Co. v. Kentucky,* 206 U. S. 130; *Stratford v. City of Montgomery,* 110 Ala. 619; *Dozier v. The State of Alabama,* U. S. Rep., 54 L. Ed. 649. Upon the evidence the court erred in entering up judgment of condemnation against the property. Counsel insist under the decisions that the Ballard, Carmichael and Fuller Acts were laws of a general and permanent nature, and having passed prior to the act adopting the Code, they stand repealed.—

*Ullmer v. The State,* 61 Ala. 208; *State v. Towery,* 143 Ala. 48; *Dew v. Billingsley,* 28 Ala. 467; *Hatchett v. Cunningham,* 65 Ala. 16; *Carmichael v. Hayes,* 66 Ala. 543; *Sawyers v. Baker,* 72 Ala. 49; *Wermorn v. Austin,* 77 Ala. 381. It must affirmatively appear of record that the court has acquired jurisdiction, else the prosecution is void.—*Robinson v. Bradford,* 70 Ala. 383; *Wilson v. Hope,* 83 Ala. 528; *Hall v. Chapman,* 53 Ala. 353. Where jurisdiction is conferred by statute to issue a writ the writ must be made returnable in conformity to statute, otherwise it is void and confers no jurisdiction.—*Guscott v. Roden,* 112 Ala. 632; *Mitchell v. Lawrence,* 123 Ala. 498; *Vann v. Adams,* 71 Ala. 475. In making the warrant returnable before himself instead of the court, the judge erred, and failed to acquire jurisdiction.—*Ex parte Farquhar & Co.,* 99 Ala. 375; *Caper v. Fitzgerald,* 121 U. S. 87. The warrant leaves the place to be searched at the discretion of the officer, and is, therefore, bad.—19 Cyc. P. & P. p. 329; *State v. Intoxicating Lipuor,* 44 Vt. 298. The warrant does not show existence of probable cause.—19 Cyc. P. & P. 328. The act was unconstitutional as violative of section 45.—*L. & N. v. Grant,* 143 Ala. 112. The right of property in liquors is firmly established.—*Eidge v. City of Bessemer,* 51 So. 246.

ALEXANDER M. GARBER, Attorney General, and PHIL H. STERN, Solicitor, for the State. The proceeding is one in rem and is not criminal.—Black on Intoxicating Liquors, Sec. 352 and authorities cited. There was no want of jurisdiction because the warrant was returnable to the judge instead of the court.—*Carnley v. The State,* 50 South 362; *Redd v. The State,* 52 South. 885. The proceedings were had during a continuous term of the court, and the acts of the judge

[Toole v. The State.]

and those of the court are not distinguishable.—*Payne v. Collier,* 6 Mo. 321. The fact that the warrant was· not marked filed was a mere clerical irregularity, and without injury.—*Spear v. The State,* 120 Ala. 356; *Pell City v. Swearingen,* 156 Ala. 402. The issuance of the warrant was the ascertainment of probable cause, but this fact cannot be raised in the way here attempted. —*Sullivan v. The State,* 58 Ala. 528. The description was sufficient.—Black on Intoxicating Liquors, Sec. 357 and authorities; 19 Enc. P. & P. 328-331. The act was not violative of section 45 of the Constitution of 1901.—*Mitchell v. The State,* 134 Ala. 392; *Ballentine v. Wickersham,* 75 Ala. 353. It is not unconstitutional as to the forfeitures mentioned therein.—*Pilcher v. Faircloth,* 135 Ala. 311; *Muggler v. Kansas,* 123 U. S. The receiving and storing of the liquors was such an interruption of their shipment as to take them out from under the influence of the interstate commerce laws.— *Phillips v. City of Mobile,* 146 Ala. 158; *Same Case,* 208 U. S. 472. Counsel discuss the prima facie evidence laid down and conclude that it did not render the act unconstitutional.—*Fong Yue Ting v. U. S.,* 148 U. S. 698; *Bailey v. The State,* 49 So. 886.

SAYRE, J.—This proceeding originated in a search and seizure warrant sworn out under section 22 of the act approved August 25, 1909, entitled "An act to further suppress the evils of intemperance, and to secure obedience to and the enforcement of, and to prevent the evasion of, the laws of the state for the promotion of temperance and for the prohibition of the manufacture of and traffic in or unlawful disposition of prohibited liquors and beverages; to provide for the abatement of liquor nuisances and the seizure and destruction of forfeited liquors and beverages, and to prescribe the pro-

cedure in such cases."—Acts 1909, p. 63. The warrant was executed by seizing 114 barrels of beer. W. J. Toole interposed a claim to the beer, and thereafter the proceeding for the condemnation of the beer was conducted under the title "The State v. W. J. Toole," as the statute provides. There was, however, no charge preferred against Toole. There was not in any exact sense a criminal prosecution. The proceeding might well have begun and terminated without any disclosure of the ownership of the property or the appearance of any claimant. It was therefore a proceeding in rem against the beer for its condemnation as forfeited property. The determination being in rem, upon reasonable personal or general notice, the status of the property was to be fixed as to all the world.—Black on Intox. Liq., § 352.

Appellant urges, for one thing, that the act is violative of section 45 of the Constitution of 1901, which provides that: "Each law shall contain but one subject, which shall be clearly expressed in the title." The argument is that the subject of the searches and seizures, provided for in section 22 of the act, is not covered by the most general clause of the title. In its last clause the title expressly provides for the seizure and destruction of forfeited liquors and beverages, and to prescribe the procedure in such cases. But if this clause is not itself referable and cognate to the more general clause of the title, under cover of which many regulations of a different character, though related to the same subject, are provided in the act, it results that the title and the body of the act as well are double. This section of the Constitution has been the subject of frequent consideration, and we presume the principles governing its interpretation are generally understood. It is no objection to an act that its subject is broadly

[Toole v. The State.]

and comprehensively expresed in its title, so long as the generality of its title is not made a cover for legislation incongruous in itself, and which by no fair intendent can be considered as having a necessary or proper connection with the one general subject expressed.—*State v. Street,* 117 Ala. 203, 23 South. 807. The most general purpose expressed by this title is "to suppress the evils of intemperance." What follows in the title may be said to be in some sort an abstract or catalogue of the contents of the act. The additional clauses do not set forth other and distinct subjects, but are mere specifications by way of subtitle of a matter covered in a general but sufficient way in the main title.—*Mitchell v. State,* 134 Ala. 392, 32 South. 687. The constitutional requirement is met if the act has but one general subject, and that is fairly indicated by the title.—*Lindsay v. U. S. Savings Ass'n,* 120 Ala. 156, 24 South. 171, 42 L. R. A. 783. We do not doubt that writs for the search of places where intoxicating liquors may be kept for unlawful purposes, and for the seizure and destruction of liquors so kept, constitute apt means for the suppression of the evils of intemperance, and that the act under consideration is valid as for the objection here taken. Search and seizure warrants have been long used without question by state and federal governments as a proper and lawful means of dealing with the liquor traffic where it is forbidden.

Another question was raised when Toole propounded his claim to the property seized. In the first paragraph he stated that he was "interested in the property seized." In succeeding paragraphs he showed the manner of his interest to be that divers persons had ordered the beer for their personal use from corporations doing business in other states, that the orders had been accepted, and the beer consigned to him for delivery to the pur-

chasers, and that he held it as the agent of the foreign vendors for the purpose of delivery, wherefore, he concluded, the property was in course of interstate shipment and not subject to seizure. To this answer, or those answers, demurrers were sustained. Section 23 of the act provides that it shall be unlawful for any person, firm, association, or corporation to receive for storage, distribution, or on consignment for another prohibited liquors and beverages, or any of them, or to have or maintain any warehouse or other place for the receiving, storing, or distribution of liquors for another, and any person violating this section shall be guilty of a misdemeanor. No question arises as to the right of persons in this state to import and keep liquors and intoxicating beverages for their own use. That right is to be conceded.—*Vance v. Vandercook Company*, 170 U. S. 438, 18 Supp. Ct. 674, 42 L. Ed. 1100. The defendant's dealing with the shipment of beer fell within the letter and spirit of this enactment. But whatever may be the purpose and intent of the statute, it can have no operation as a regulation of interstate commerce (*Heyman v. Southern Ry. Co.*, 203 U. S. 270, 27 Sup. Ct. 104, 51 L. Ed. 178), except to the limited extent permitted by the act of Congress commonly referred to as the Wilson act (Act Aug. 8, 1890, c. 728, 26 Stat. 313 [U. S. Comp. St. 1901, p. 3177]). The provision of that act is "that all fermented, distilled, or other intoxicating liquors or liquids transported into any state or territory, or remaining therein for use, consumption, sale or storage therein, shall upon arrival in such state or teritory, be subject to the operation and effect of the law of such state or territory enacted in the exercise of its police powers, to the same extent and in the same manner as though such liquors or liquids had been produced in such state or territory, and shall not be ex-

[Toole v. The State.]

empt therefrom by reason of being introduced therein
in original packages or otherwise." In *Rhodes v. Iowa,*
170 U. S. 412, 18 Sup. Ct. 664, 42 L. Ed. 1088, the Su-
preme Court of the United States, having this act un-
der consideration, said: "This language makes it im-
possible in reason to hold that the law intended that
the word 'arrival' should mean at the state line, since
it presupposes the coming of the goods into the state
for 'use, consumption, sale or storage.' The fair infer-
ence from the enumeration of these conditions, which
are all-embracing, is that the time when they could
arise was made the test by which to determine the pe-
riod when the operation of the state law should attach
to goods brought into the state." It was further said
that the fundamental right which the previous decis-
ion of the court in *Bowman v. Chicago & Northwestern
Railway,* 125 U. S. 465, 8 Sup. Ct. 689, 1062, 31 L. Ed.
700, held to be "protected from the operation of the
state laws by the Constitution of the United States was
the continuity of shipment of goods coming from one
state into another from the point of transmission to the
point of consignment, and the accomplishment there
of the delivery covered by the contract." And the rul-
ing was that, "interpreting the statute by the light of
all its provisions, it was not intended to and did not
cause the power of the state to attach to an interstate
commerce shipment, whilst the merchandise was in
transit under such shipment, and until its arrival at
the point of destination and delivery there to the con-
signee." There is nothing to distinguish the case at
hand from the case just quoted except the fact that the
consignee here was the agent of the consignor. In effect
the consignor and consignee were one. Proceeding up-
on the premise that the nonresident sellers had a right
to the complete execution of their contracts by delivery

4—170

[Toole v. The State.]

to the resident buyers, the argument for the appellant seems to assume that in a case involving the facts here shown the Supreme Court of the United States would say "buyer," where in the quoted case it said "consignee." But we are not impressed with the idea that the difference in fact is sufficient to take this case without the rule declared. It is averred in the claim interposed that the orders for the beer had been accepted in Missouri and Tennessee. Nevertheless it appears that the shippers in those states by making the consignment to themselves, or their agent, reserved the jus disponendi. The course of shipment was interrupted, not by any necessary or usual delay such as may be incident to transportation, but was arrested for storage, distribution, and final disposition. In effect they brought their property into this state for disposition here, and stored it here to await that disposition. The time had arrived when the goods could be used, consumed, sold or stored in this state. On the facts stated in the claim the goods were stored with the purpose of disposing of them contrary to the statute of this state, and thereby they became, within the meaning of the Wilson act, subject to the police power of the state, to be exercised according to the will of the state for the regulation or prohibition of the traffic in intoxicating liquors within its borders. The first paragraph of the defendant's answer, if it is to be treated as an answer within itself, was substantially defective in that it failed to show that defendant had such an interest as entitled him to defend against the proceeding to condemn the beer. Succeeding paragraphs were insufficient in law for the reasons hereinbefore indicated.

The warrant in this case was made returnable "before me at Montgomery, Alabama," and was signed "Armstead Brown, Asso. Judge of the City Court of Mont-

gomery." Subdivision 14 of section 22 reads thus: "A search warrant subject to the rules and restrictions hereinabove declared may be likewise issued by any judge of a city, circuit, criminal or other court of record possessing criminal jurisdiction, returnable before the court in term time, and on the return of the warrant the same proceedings may be had before the judge sitting as a court as are prescribed hereinabove for the trial before magistrates issuing said warrants." Antecedent sections provide for the issue of warrants by justices of the peace and like officers. Subdivision 9 provides for the interposition of their claims by persons claiming any right, title or interest in the liquors seized, and that "the issue thus framed shall be deemed an action pending in the court of the judge or justice who issued the warrant," between the state of Alabama on the relation of the complainant and the liquor and vessels so seized, and may be entitled in the name of the state against the person so appearing. Appellant insists that the warrant was void because not made in terms returnable into the court in term time. The warrant was in law returnable into the court and was in fact so returned. Its departure from correct form was not fatal to its validity.—*Carnley v. State,* 162 Ala. 94, 50 South. 362; *Red v. State,* 167 Ala. 96, 52 South. 885.

Appellant moved the court to quash the warrant, alleging that the same had been issued upon an affidavit purporting to have been made by one C. E. Sweeney, that no such person lived in the community, and that the said name was either fictitious or assumed by the person making the affidavit. It will be observed that it is not alleged that no affidavit was taken. The averment is that the affiant was a nonresident of the community and concealed his identity under an assumed

name. These facts if proved—and it does not appear that there was any offer by way of plea to prove them —would not have required the writ to be quashed. The ascertainment of probable cause for the issue of the writ involved the exercise of the judicial function. Having acquired and exercised jurisdiction in the premises by taking affidavit of a person, and having issued the warrant substantially as required by the statute, the weight of the evidence to establish probable cause could not be made the subject of inquiry, nor could the judgment in that regard of the issuing magistrate, be made the subject of review on the trial of the cause. The motion to quash on the ground stated was properly overruled.

In the affidavit and warrant the premises to be searched were described as "a place at 14 Jefferson street in the city of Montgomery, to wit, a stable or storehouse in the rear of a residence at said 14 Jefferson street," and the mandate of the writ is for the search of "said place or premises." This was, in our opinion, a sufficient designation of the premises to be searched. The words of the statute are that the place shall be described "as near as may be." But the constitutional guaranty against unreasonable searches and seizures is to be observed. The writ must not be general; it should not leave the place to be searched to the discretion of the officer executing it; it must confine the search to one place or building. The objection taken is that the officer is commanded or allowed by the writ to exercise his discretion by searching either a stable or a storehouse. The most general description here adopted was sufficient.—2 Woolen & Thornton, Intox. Liq. § 624. What follows the videlicet does not broaden, but does restrict, the description, and would be unobjectionable if construed in the fashion adopted by appellant. But that construction is strained. The writ does not warrant the

[Toole v. The State.]

search of one of two places, but of one place which is designated as answering to one or the other of two descriptions. It might well respond to both.

It was not necessary that the warrant contain a recital that the issuing magistrate had ascertained probable cause. Its issue in the discharge of sworn official duty sufficiently affirmed that fact.—*Holland v. Seagrave*, 11 Gray (Mass.) 207. The statute provides that the warrant may be substantially the form prescribed by the Code for other search warrants. Other search warrants are not required to recite a finding of probable cause.—Code 1907, § 7762.

The fact that the warrant was not marked "filed" until several days after its return to the clerk of the city court was a mere clerical irregularity which can avail nothing.—*Spear v. State*, 120 Ala. 351, 25 South. 46.

Subdivision 12 of section 22 of the act provides that "the keeping of prohibited liquors in any building not used exclusively for a dwelling shall be prima facie evidence that the same are kept to be sold or otherwise disposed of or furnished contrary to law," with a reservation, as we construe it, in favor of buildings used by druggists for the sale of alcohol under conditions permitted by the statute. It is said for the appellant that this provision of the act is unconstitutional because it presumes guilt from what may be an innocent act, with the result that the judgment of condemnation in this case is infected with error. We take the argument to mean that the statute impairs the right of trial by jury —to have the jury determine the issue of guilt or innocence for itself. In connection with this objection statutory rules of this character have been often considered, by this court among others, and in the great majority of cases have been upheld as being within the constitutional competency of the Legislature. With quite

general accord the courts have thought themselves able
to reconcile legislation of this character with the right
of trial by jury, as it existed at the common law and in
view of which Constitutions have been ordained.   In
well-considered cases they have reached the conclusion
that statutory rules of this kind do not in reality change
the burden of proof, for while they permit the jury to
take the facts upon which the statute lays stress as suffi-
cient evidence of guilt in the absence of explanation or
contradiction, yet it is the right and duty of the jury,
upon a survey of the whole case, to refuse to convict
unless satisfied beyond a reasonable doubt of the guilt
of the accused.   The particular circumstances attend-
ant upon any act or status, whether shown by the state
or the accused, are usually necessary to a full under-
standing of its import; and these the jury may con-
sider.—*Bailey v. State,* 161 Ala. 75, 49 South. 886;
*People v. Cannon,* 139 N. Y. 32, 34 N. E. 759, 36 Am.
St. Rep. 668; *Commonwealth v. Williams,* 6 Gray
(Mass.) 1; *State v. Cunningham,* 25 Conn. 195.   Prof.
Wigmore in his work on the law of Evidence concludes
his observations on the objection here taken to statutes
of this character by saying: "There is here nothing
conclusive, nothing prohibitive. So long as the party
may exercise his freedom to introduce evidence, and
jurors may exercise their freedom to weigh it ration-
ally, no amount of irrational legislation can change the
result. If the judiciary had long ago resented as uncon-
stitutional that ill-advised species of legislative inter-
ference which forbade them to charge juries upon the
weight of evidence, they need never have cared about
the evidential effect of enactment of the present sort."
—Section 1354.

The point under consideration may be decided against
the appellant on another ground also.   The trial was

[Campbell v. The State.]

had before the court and without the intervention of a jury, no jury being demanded. The question of the constitutionality of this feature of the statute was not specifically raised at the trial, nor could it well have been under the circumstances; nor can we know in any official way what influence, if any, the statutory rule of evidence may have had in determining the result. Circumstances were shown in connection with the keeping of the beer, as that claimant kept 13,680 bottles of it in an outhouse of flimsy construction, wholly unsuited, as we know, for the long keeping of beer in this climate, upon premises where he did not reside, which afforded inferences upon which the trial judge may have properly based a finding that it was kept in violation of law; that is, for some purpose other than his personal use, and this without the help of the statutory rule. A jury would have been authorized to so find. We cannot, therefore, say that the judgment was erroneous on the ground here urged.

The judgment of the court below will be affirmed.
Affirmed.

DOWDELL, C. J., and ANDERSON and EVANS, JJ., concur.