[Coleman v. The State, ex rel. Wild, et al.]

# Coleman *v.* The State, *ex rel.* Wild, *et al.*

## *Search and Seizure Proceedings.*

(Decided January 21, 1913. 61 South. 20.)

1. *Intoxicating Liquors; Search and Seizure.*—Under section 22, subdivision 6, Acts 1909, p. 76, warrants for search and seizure are issuable only on an affidavit showing probable cause, naming or describing the person or party whose premises are to be searched, if known, etc., together with probable cause shown for believing that one or more of the specific grounds for issuing the process exists; hence, an affidavit alleging merely that the affiant had cause to believe and did believe that malt liquors were stored in a building owned by C., and occupied by certain others, and known as the old Tillery shop in L. county, or in a nearby restaurant operated by J., in such county, was insufficient to support the writ.

2. *Same; Search Warrant; Validating.*—Where the search warrant was based on a wholly insufficient affidavit, the warrant was void and the proceedings could not be sustained by an amendment filed to the affidavit after the warrant had been executed, and the liquors seized.

3. *Same; Application to Quash.*—Where warrant for search and seizure is issued upon an insufficient affidavit, the magistrate to whom such process is returnable should quash the same on motion or application of the party whose premises were made the subject of the search.

APPEAL from Lowndes Circuit Court.

Heard before Hon. A. E. GAMBLE.

Search and seizure proceedings for prohibited liquors instituted by the state on the relation of A. R. Wild and others against E. P. Coleman. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

L. K. GOLSON, H. R. GOLSON, and LETCHER, McCORD & HAROLD, for appellant. The warrant and affidavit were insufficient because general, covering more than one place to be searched.—*Toole v. The State,* 170 Ala. 41; *Cheek v. State ex rel. Metcalf,* 57 South. 108. The

affidavit was totally deficient, under the provisions authorizing its issue.—Section 22, subd. 6, Acts 1909, p. 76. It is a common and familiar proposition that the affidavit must precede the warrant, and it follows as a matter of course that after the warrant is executed, the proceedings cannot be sustained by an amendment filed to the affidavit. The court, therefore, erred in declining to quash the proceedings.

POWELL & HAMILTON, for appellee. The place to be searched was in one location and contiguous, and the searching one continual transaction, and the place was sufficiently identified.—*State v. Moore,* 101 N. W. 732. The affidavit was sufficient under the various subdivisions of section 22, Acts 1909, p. 63. Subdivision 17 of said section provides that any defect may be amended, and further search or notice be made and given. There was no evidence to rebut the prima facie case, and the court properly entered judgment against respondent.

WALKER, P. J.—This proceeding had its commencement in the making of an affidavit by A. R. Wild and J. M. Black before a justice of the peace, in which they deposed "that they have cause to believe, and do believe, that there are malt liquors stored in the building owned by W. C. Cureton, now occupied by E. P. Coleman, H. N. Coleman, and S. F. Glass Hdw. Co., also second story of this building, known as the 'Old Tillery Shop,' in Lowndes Co., or in a nearby restaurant operated by Chanie Jones in said county." Upon the making of this affidavit the justice of the peace issued a warrant directed to any lawful officer of said county, which, after reciting the averments of the affidavit, concluded as follows: "You are therefore com-

manded to make an immediate search of such places for said prohibited liquors, and if you find the same, or any part thereof, bring it forthwith before me at my office in Fort Deposit, Ala."—the paper being dated, and signed by the justice of the peace. The return indorsed on this paper by a deputy sheriff showed that it was "executed by search the house occupied by E. P. Coleman, H. N. Coleman, and S. F. Glass Hdw. Co., found in S. F. Glass department 1152 ½ pints of whisky and gin, 6 qts. whisky, 1 part of qt., 1 part of bottle of coca-cola, 1 pint of whisky." E. P. Coleman appeared before the justice of the peace, and on his motion orders were made quashing the original affidavit and warrant, and also an amendment to the affidavit, which was made after the writ had been executed. The proceeding was removed into the circuit court by an appeal taken by the state. In that court the said Coleman, describing himself as "the party in possession," and appearing specially for the purpose of such motion, made a motion to quash the affidavit and warrant, assigning 18 grounds, the first stated of which was: "Because the affidavit fails to allege legal grounds for the issuance of said warrant." The court overruled this motion, to which ruling an exception was duly reserved.

It is apparent that the issue of the warrant in question was an attempt to exercise the authority conferred by the provisions as to search warrants contained in section 22 of the act, "to further suppress the evils of intemperance," etc., approved August 25, 1909.—Acts of Ala., Special Session 1909, p. 63. Subdivision 6 of that section of the statute states the grounds upon which such search warrant is authorized to be issued as follows: "(a) When any person, firm, association of persons or corporation, or unknown person or other party, keeps a place where prohibitory liquors and bev-

[Coleman v. The State, ex rel. Wild, et al.]

erages, or any of them, are manufactured, sold, kept for sale or otherwise disposed of contrary to law, or when such liquors and beverages, or any of them, are stored for sale, delivery or distribution contrary to law, or for other illegal purposes in any warehouse or other place. (b) When such prohibited liquors or beverages, or any of them, are in the possession of any person, firm, association of persons or corporation conducting on the premises an unlawful drinking place or maintaining a liquor nuisance thereon by means thereof. (c) When any person, firm, association or corporation is carrying on at the place the business of a retail or wholesale dealer in liquors (except bona fide druggists, who sell and keep for sale alcohol only under the regulations prescribed by law) or the business of a retail or wholesale dealer in malt liquors, and said liquors are kept for sale by such dealer." The plain import of the provision contained in subdivision 2 of the same section that "said warrants may be issued only on probable cause supported by affidavit naming or describing the person or other party whose premises are to be searched, if known," etc., is that the required affidavit discloses probable cause for believing that one or more of the specified grounds for issuing such a process exists. A lack of intention on the part of the Legislature to make the provision conform to the constitutional requirement "that no warrants shall issue to search any place or to seize any person or thing without probable cause, supported by oath or affirmation" (Constitution 1901, § 5), is not to be imputed to it. It is an essential prerequisite to the existence of authority in the magistrate to issue a search warrant that the application therefor be supported by an affidavit showing the existence of probable cause to believe that a state of facts exists which the statute makes a ground

for the issuance of such a process. The power is withheld in the absence of such a showing made in the mode prescribed by the statute. A search warrant issued without substantially conforming to some law authorizing its issue is void.—*Thrash v. Bennett,* 57 Ala. 156; 35 Cyc. 1267.

It is not to be doubted that a magistrate before whom such an unauthorized process is made returnable should quash it on the motion or application of a person whose dwelling or other premises is made the subject of the unlawful search and seizure ordered by it. It is obvious that the affidavit upon which the above-mentioned search warrant was issued did not show probable cause for believing that there existed any lawful ground for its issue. This being true, the warrant was a mere nullity. There was nothing in either the affidavit or the warrant to indicate that the prohibited liquor referred to was stored or kept unlawfully. The required affidavit being a prerequisite to the validity of the warrant and to the lawfulness of a search made under it, legal vitality could not be given to the proceeding by an affidavit made after the unauthorized search and seizure. We know of no statute purporting to authorize the validation of the execution of such a void process by a subsequent amendment of the affidavit required to show probable cause for the issue of it, conceding that the according of such an effect to a subsequent amendment of the affidavit would be reconcilable with the constitutional requirement on the subject. The provision contained in subdivision 17 of the section above referred to does not undertake to go that far. The prohibition of the search of any place or the seizure of any person or thing without probable cause, supported by oath or affirmation, would not be very effectual to prevent the wrongs sought to be avoided if

[Friddle v. Braun, et al.]

the required showing of the existence of probable cause could be withheld until after the search or seizure had been made. If it could be so withheld, the wrong could be committed without the required showing ever being made. What has been said leads to the conclusion that the search warrant should have been quashed for the reason stated in the ground above quoted from the motion made to that end. We do not overlook other grounds of attack upon the validity of the warrant which were suggested in the motion—for instance, that it commanded the search of several places, belonging to different persons (*Toole v. State,* 170 Ala. 41, 54 South. 195; *Cheek v. State,* 3 Ala. App. 646, 57 South. 108)—but the conclusion above stated dispenses with the necessity of considering the matter further.

Reversed and remanded.