# Coleman v. The State.

### Violating Prohibition Law.

(Decided January 20, 1914. 64 South. 529.)

1. *Intoxicating Liquors; Evidence; Claim Affidavit.*—In a prosecution for violating the prohibition law, a claim affidavit to certain prohibited beverages, made by defendant, was a written statement against interest, admissible as any other written statement, containing the same matter, although made in proceeding based on the issuance of a search warrant based on an insufficient affidavit, and though it had lost its character as a valid sworn instrument.

2. *Same.*—The credibility and weight to be given a defendant's admission of ownership of prohibited beverages, contained in his claim affidavit for the property seized was for the jury upon consideration of all the circumstances.

APPEAL from Lowndes Circuit Court.

Heard before Hon. A. E. GAMBLE.

Plum Coleman was convicted of violating the prohibition laws, and he appeals. Affirmed.

LETCHER, MCCORD & HAROLD, for appellant. A careful reading of the case of *State ex rel. Wild v. Coleman,* 61 South. 20, will disclose that defendant was clearly entitled to have given for him the general affirmative charge.

[Coleman v. The State.]

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The claim affidavit was clearly admissible as any other written statement would have been admissible if against interest.—*Oakley v. State,* 33 South. 23. Its weight and credibility was for the jury when considered in connection with all the evidence.—*Goodwyn v. State,* 102 Ala. 87. The court was not in error in denying defendant the affirmative charge.

PELHAM, J.—The defendant was convicted on a charge of selling, offering for sale, keeping for sale, or otherwise disposing of prohibited liquors.

The contention of appellant in brief is that the defendant was entitled to the general charge, and that a careful reading of the case of *Coleman v. State, ex rel. Wild, et al.,* 7 Ala. App. 424, 61 South. 20, will demonstrate the correctness of this position.

In the case cited this court held that the affidavit on which the search warrant issued was insufficient, and that the warrant based on it was therefore void; but it is not made to appear in this case that the defendant's affidavit making claim to the whisky offered in evidence, and admitted against the objection of the defendant, is the affidavit of the claimant made in the proceedings originating on the affidavit as a basis for a search warrant held to be insufficient by us in *Coleman v. State, ex rel., etc., supra.* The affidavit of the claimant offered in evidence in the instant case is not set out in the bill of exceptions, or otherwise identified, and for aught appearing to the contrary a perfectly valid affidavit may have been sworn out as the basis of the proceedings in which the identical affidavit of the claimant was made that was offered in evidence on this trial. Besides, the witnesses Owen and Coleman both

testified to facts showing that the whisky seized was admitted by the defendant on more than one occasion to be his whisky, and the undisputed evidence showed that it was kept in a place not used as a dwelling, and this made out a prima facie case under the statute.— Acts 1909, p. 64, § 4. Even though it should be conceded that the claim affidavit of the defendant had been made in a proceeding held to be based on the issuance of an insufficient affidavit, and even though it should be further conceded that the affidavit of the claimant had lost its character as a valid sworn instrument, it was nevertheless a written statement made by the defendant against interest, and would have been admissible just as any other written statement containing the same matter, as, for example, a letter.—*Oakley v. State*, 135 Ala. 15, 33 South. 23. The credibility and weight to be given the admission or confession of ownership contained in the paper writing was a matter for the jury, taking into consideration all the circumstances connected with it, in the same way that any other confession that might be admissible in evidence as tending to show the defendant's guilt of the crime charged is considered.—*Goodwin v. State*, 102 Ala. 87, 15 South. 571.

The rulings of the court on the admission of evidence, to which objections were made, and exceptions reserved, are clearly free from error, and the special written instructions requested by the defendant and refused by the court are patently bad, and not argued by counsel in brief, and required no discussion at our hands. Reversible error not being shown, the judgment of conviction will be affirmed.

Affirmed.