[Edmunds v. State, ex rel. Dedge.]

# Edmunds *v.* State, *ex rel.* Dedge.

### Condemnation of Intoxicating Liquors.

(Decided April 12, 1917.  74 South. 965.)

1. **Intoxicating Liquors; Search and Seizure; Nature of Proceeding.**—A proceeding for search and seizure of intoxicating liquors under Temperance Act Jan. 23, 1915 (Acts 1915, p. 8), is quasi criminal in nature, since it is strictly penal in character, and the only practical difference between it and a criminal prosecution is that it acts in rem instead of in personam, and it cannot be classed among civil actions.

2. **Intoxicating Liquors; Search and Seizure; Venue.**—Code 1907, § 4648, as amended by Acts 1915, p. 266, declaring that no person can be sued out of his precinct, does not apply to liquor search and seizure proceedings under Temperance Act Jan. 23, 1915, the venue statute being confined to suits commenced by summons, and not referring to proceedings in rem; for the purposes of venue and jurisdiction the proceeding being regarded as criminal, and by Code 1907, § 6733, a justice's criminal process reaches everywhere within the county.

3. **Intoxicating Liquors; Search and Seizure; Service of Warrant by Constable.**—The search and seizure warrant for intoxicating liquors provided by Temperance Act Jan. 23, 1915, can be executed by "any constable of the county" to whom writ is directed, by section 22, subd. 4, and in view of Code 1907, section 3329, making it the constable's duty to execute all processes "directed by any lawful authority"; hence the fact that the constable serving the warrant did not reside in the beat where the liquor was seized was immaterial.

4. **Intoxicating Liquors; Search and Seizure; Jurisdiction of Justice.**—Jurisdiction of justice limited by Const. § 168, to $100 in civil cases is not affected by value of liquors to be seized under the temperance acts; the proceeding being criminal in nature.

5. **Intoxicating Liquors; Search and Seizure; Issuance of Warrant; Statutory Requirement.**—Requirements of Temperance Act Jan. 23, 1915, § 22, subd. 3, that justice shall examine complainant on oath and take written depositions before issuing liquor search and seizure warrants are not jurisdictional, and omission of these requirements will not vitiate the warrant when issued upon a sufficient affidavit.

6. **Intoxicating Liquors; Search and Seizure; Issuance of Warrant; Probable Cause.**—Weight of evidence to establish probable cause for issuing liquor search and seizure warrants under temperance acts cannot be reviewed upon the trial where statute was substantially complied with; the ascertainment of probable cause involving exercise of the judicial functions.

7. **Intoxicating Liquors; Search and Seizure; Review; Necessity of Objection Before Justice; Issuance of Warrant.**—The objection that justice did not take sworn testimony of complainant as required by temperance acts before issuing liquor search and seizure warrant, being in abatement, should have been raised before the justice, and comes too late when made on appeal to circuit court.

[Edmunds v. State, ex rel. Dedge.]

8. **Intoxicating Liquors; Search and Seizure; Construction of Statutes.**— Temperance Acts Jan. 23, 1915, and Sept. 25, 1915, being parts of one system for search and seizure and restriction upon possession and ownership of intoxicating liquors, must be construed in pari materia, and since the later act provides for search and seizure "under the rules now prescribed by law," the grounds specified for issuance of the warrant in the earlier act are widened by addition of conditions under which liquors are declared contraband and forfeited under the later act.

9. **Intoxicating Liquors; Search and Seizure; Review; Necessity of Objection Before Justice; Execution of Warrant.**—Objection that officer seized liquors upon premises not covered by warrant issued under temperance acts should have been made before justice before appeal to circuit court in view of Acts 1915, p. 22, section 22, subd. 10, providing that appeals to circuit court are triable de novo "as in cases appealed from a justice," and it was immaterial that other objections not including this ground were made before the justice.

10. **Criminal Law; Review; Necessity of Objection Before Justice.**—Upon appeal from justice to circuit court for trial de novo, objections to proceedings including jurisdiction must be made before the justice, and cannot be made for the first time in circuit court.

11. **Constitutional Law; Intoxicating Liquors; Search and Seizure; Due Process of Law.**—The temperance acts of 1915, relating to search and seizure and restricting possession of intoxicating liquors lawfully acquired before enactment, are not unconstitutional for taking property without due process of law.

APPEAL from Russell Circuit Court.

Heard before Hon. J. S. WILLIAMS.

The State on the relation of J. W. Dedge sought in the justice court against Ben Edmunds to condemn and destroy certain intoxicating liquors. There was judgment of forfeiture and order for destruction of liquor, whereupon the defendant appealed to the circuit court, where the judgment of the justice court was affirmed, and defendant appealed here. Affirmed.

GLENN & DE GRAFFENRIED and H. A. FERRALL and T. H. SEAY for appellant. W. L. MARTIN, Attorney General, and P. W. TURNER, Assistant Attorney General, for appellee.

SOMERVILLE, J.—This is a proceeding for the condemnation and destruction of contraband liquors held in violation of the act approved September 25, 1915 (Sess. Acts 1915, p. 553), known as the Bonner Bill. The undisputed evidence shows that the liquors in question were prohibited liquors, and were held in quantities immensely in excess of the legal allowance, and were stored on premises not the dwelling house of the claimant.

[Edmunds v. State, ex rel. Dedge.]

On the final hearing in the justice court, the appellant having appeared as claimant, there was a judgment of forfeiture, and an appropriate order for the public destruction of the liquors. On appeal to the circuit court there was the same judgment and order.

It is contended by the appellant that the judgment appealed from is erroneous for the following reasons:

(1) The justice who issued the warrant was officially resident in beat 10 of Russell county, while the liquors seized under the warrant were in beat 1 in the city of Girard, not an adjoining beat, there being a qualified justice of the peace in beat 1, and hence this justice was without jurisdiction in the premises.

(2) The constable who executed the warrant and seized the liquors was officially resident in beat 10, there being a regular constable and sheriff in beat 1, where the liquors were seized.

(3) The liquors seized were of greater value than $100, and were therefore constitutionally beyond the jurisdiction of a justice of the peace.

(4) The warrant under which the liquors were seized was issued solely upon the affidavit of one Dedge, without any examination on oath of the affiant or the witness, or any taking of depositions showing the facts and circumstances tending to establish the complaint, as required by subdivision 3 of section 22 of the temperance act approved January 23, 1915 (Sess. Acts 1915, p. 18.)

(5) The said affidavit did not show any ground for issuing a search and seizure warrant as prescribed by paragraphs (a), (b), and (c) of subdivision 6, § 22, of the temperance act.

(6) The warrant directed a search for and seizure of liquors on certain described premises, and, search there being unsuccessful, the officer entered upon and seized these liquors on other premises not described in the affidavit or warrant.

(7) In so far as the temperance acts are applicable to liquors lawfully acquired in good faith before their enactment, confiscation thereunder would be unconstitutional as depriving the claimant of his property without due process of law.

These questions were raised by appropriate motions to quash, by pleas in abatement and by requested instructions. Their predicates are all supported by the facts adduced in evidence, and the questions raised are questions of law on the evidence. All of these were ruled adversely to the claimant, and on request

in writing the general affirmative charge was given for the state.

(1) Before proceeding to a discussion of the several contentions of the claimant, it is desirable to observe the motive and status of this proceeding. Though a proceeding for search and seizure is not "in any exact sense a criminal prosecution," as observed in *Toole v. State*, 170 Ala. 41, 54 South. 195, yet it is strictly penal in its character, and substantially resembles a criminal prosecution; the only practical differences being that it acts in rem instead of in personam, and is conclusive against the whole world. Like a bastardy proceeding (*Paulk v. State*, 52 Ala. 427; *Shows v. Solomon*, 91 Ala. 390, 8 South. 713), it is sui generis, and may be properly designated as quasi criminal (Woolen & Thornt. Int. Liq. § 600; Black on Intox. Liq. § 352). Certainly it is not a suit according to the course of the common law, and would not, either in ordinary or technical language, be classed among civil actions.—*State v. One Bottle of Brandy*, 43 Vt. 297.

We now consider the claimant's contention seriatim.

(2) 1. This contention is based on the theory that this proceeding is a civil suit, and is governed by section 4648 of the Code, as amended by the act of August 5, 1915 (Acts 1915, p. 266), which declares that: "Unless otherwise provided, no person can be sued out of the precinct of his evidence, or that in which the debt was created, or the cause of action arose."

For the purpose of venue and jurisdiction, this proceeding is unquestionably to be regarded as criminal.—*Com. v. Intox. Liq.*, 13 Allen (Mass.) 561. And in criminal matters a justice's process reaches everywhere within the county.—*Ex parte Davis*, 95 Ala. 9, 13, 11 South. 308; Code, § 6733. But, if it were not a criminal proceeding, it was long ago settled that the venue statute referred to is confined to suits commenced by summons, and has no reference to a proceeding in rem.—*Atkinson v. Wiggins*, 69 Ala. 190. The search and seizure act itself provides (Acts 1915, p. 18) that "the warrant may be issued by justices of the peace," without restriction as to venue. The warrant in question was properly issued by the justice of beat 10.

(3) 2. One of the duties of a constable is "to execute and return all summons, executions, and other process, to him directed by any lawful authority."—Code, § 3329. The act (section 22, subd. 4) provides that the warrant shall be "directed

to the sheriff or to any constable of the county." Its execution in this case by the constable of beat 10 was unquestionably lawfully authority. If authority for this conclusion were needed, it can be found in *Noles v. State,* 24 Ala. 672, 695.

(4) 3. Since the proceeding is criminal in its nature, the jurisdiction of the justice, though limited to $100 in ordinary civil cases (Const. § 168), is not affected by the value of the liquors to be seized and condemned (Black on Intox. Liq. § 365, citing *State v. Arlen,* 71 Iowa 216, 32 N. W. 267.)

(5. 6) 4. Although, following the provisions common to all search warrants and preliminary proceedings, the act requires that "the magistrate before issuing a warrant must examine the complainant on oath, and any other witnesses he may produce, * * * and take their deposition in writing, and cause the same to be subscribed by the person or persons making them" (section 22, subd. 3), the omission of these requirements has never been regarded as vitiative of the warrant when it is issued upon a sufficient affidavit.

"The ascertainment of probable cause for the issue of the writ involved the exercise of the judicial function. Having acquired and exercised jurisdiction in the premises by taking the affidavit of a person, and having issued the warrant substantially as required by the statute, the weight of the evidence to establish probable cause could not be made the subject of inquiry, nor could the judgment in that regard of the issuing magistrate be made the subject of review on the trial of the cause."—*Toole v. State,* 170 Ala. 41, 52, 54 South. 195, 198; *Cheek v. State,* 3 Ala. App. 646, 57 South. 108; *Salley v. State,* 9 Ala. App. 82, 64 South. 185.

(7) Moreover, an objection like this, being in abatement, should be made before the magistrate, and comes too late when made on appeal in the circuit court, as was done in this case.— *Johnson v. State,* 105 Ala. 113, 17 South. 99; *Miles v. State,* 94 Ala. 106, 11 South. 403; *Williams v. State,* 88 Ala. 80, 7 South. 101.

(8) 5. The temperance act of January 23, 1915, and the temperance act of September 25, 1915 (the Bonner Bill), relating to the same subject, and being parts of one system, must be construed in pari materia. The "Bonner Bill" created new restrictions upon the possession and ownership of liquors, though it is in part essentially a reenactment of some of the restrictive

provisions of the act of February 8, 1915 (Acts 1915, p. 44), known as the "Bonner Anti-Shipping Bill." Both of these acts forbade and penalized the receipt or possession at one time of more than specified small quantities severally of spirituous, or vinous, or malt liquors. We are not here concerned with the details.

The act of January 23, 1915 (section 22), provides the entire system for search, seizure, and trial for the condemnation of contraband liquors. The grounds for the issuance of the warrant are there specified, in accordance, of course, with the definitions of contraband liquors as then already fixed. The later act of September 25, 1915, notably such as are "received, possessed, or stored at any forbidden place, or anywhere in a quantity forbidden by law." It further provides that: "In all such cases the liquors are forfeited to the state of Alabama and may be searched for and seized, and ordered to be destroyed under the rules now prescribed by law concerning contraband liquors, or by order of the judge of court after a conviction when such liquors have been seized for use as evidence."

We have here an express adoption of the procedure prescribed by section 22 of the older act for cases arising under the later act. The practical result obviously is that in any proceeding under section 22 the grounds therein specified for the issuance of the warrant are widened by the addition of all of the conditions under which liquors are declared contraband and forfeited under the later act. The affidavit and warrant in this case unquestionably exhibit a valid and authorized ground for the issuance of the warrant. The case of *Coleman v. State*, 7 Ala. App. 424, 61 South. 20, relied upon by the claimant, was based on a deficiency of the affidavit under the specifications of the Act of January 23, 1915, and is not pertinent here.

(9, 10) 6. The warrant in this case, following the affidavit, commanded the officer to search certain specified premises, and to bring before the court such prohibited liquors as were there found. When a search was made of these premises and nothing was found, the officer searched other and different premises, wherein he found the liquors here involved. His return shows that the liquors were taken from the premises described in the warrant and complainant. The evidence shows that they were in fact taken from other and different premises, as set up in several grounds of the claimant's motion to quash the affidavit, war-

rant, seizure, and return, and his several pleas to the jurisdiction. If objection to the jurisdiction on this ground had been seasonably made in the justice's court before the judgment and appeal therefrom to the circuit court, its validity would now be presented for our consideration. But the record shows that no such objection was made in the justice's court, either by motion to quash or by plea in abatement.

It was long ago settled in this state, and the rule has been sustained by a long line of decisions, that on appeal from a justice's court to the circuit court, where the cause must be tried de novo, all objections to the proceedings, including the jurisdiction of the court, must be made before the justice, and cannot be made for the first time in the court to which appeal is made.— *Slaton v. Apperson,* 15 Ala. 721; *City of Selma v. Stewart,* 67 Ala. 209; *Reynolds v. Simpkins,* 67 Ala. 378; *W. Ry. Co. v. Lazarus,* 88 Ala. 453, 6 South. 877; *L. & N. R. R. Co. v. Barker,* 96 Ala. 435, 11 South. 453; *Blair v. Williams,* 159 Ala. 655, 49 South. 71; *McKinstry v. City of Tuscaloosa,* 172 Ala. 344, 54 South. 629; *Turner v. Lineville,* 2 Ala. App. 454, 56 South. 603.

By the terms of the Act (section 22, subd. 10) appeals thereunder to the circuit court are triable de novo, "as in cases appealed from a justice of the peace or county court." The doctrine of waiver above stated must be applied in its full vigor to this case, and the result is that the circuit court properly overruled the motion to quash and the plea to jurisdiction based on the objection above considered.

In this connection, it is proper to observe that the application of the rule is not altered by the fact that objection was made to the proceedings and to the jurisdiction in the justice's court on other specified grounds which did not include this ground. The waiver as to this ground was none the less effective and complete.

(11) 7. The contention that this act is unconstitutional as forbidding and preventing claimant's possession and enjoyment of property lawfully acquired by him before its enactment, whether under the safeguards of the state or the federal Constitution, has been denied by the decisions of this court, to which we now adhere without further discussion.—*So. Exp. Co. v. Whittle,* 194 Ala. 406, 69 South. 652, L. R. A. 1916C, 278; *O'Rear v. State,* 15 Ala. App. 17, 72 South. 505; *Ex parte O'Rear,* 198 Ala. 693, 73 South. 1001.

· The rulings of the circuit court were in accordance with the rules and principles above declared, and, there being no error shown by the record, the judgment and order of the circuit court will be affirmed.

Affirmed. All the Justices concur.