## Theatrical Club *v.* State, *ex rel.* Dedge.

### Condemnation of Intoxicating Liquors.

(Decided April 12, 1917. 74 South. 969.)

**Commerce; Seizure and Forfeiture; Property Subject; Interstate Transportation.**—The seizure under temperance acts of intoxicating liquors consigned to defendant at Columbus, Ga., and removed by him to this state and stored temporarily until he could remove them to Florida under contract to "immediately ship said whisky from Columbus, Ga., to Jacksonville, Fla." was not a seizure of property in interstate transit, and was proper, and such property was not protected by the laws of interstate commerce against the operation of the Alabama liquor laws.

APPEAL from Russell Circuit Court.

Heard before Hon. J. S. WILLIAMS.

Proceedings by the State of Alabama, on the relation of J. W. Dedge, under the temperance act, for the seizure and condemnation of contraband liquors stored in the city of Girard by one William Cogbill in a building not a warehouse, and owned by said Cogbill. with claim interposed thereto by the Theatrical Club, a corporation. From a decree of condemnation, the claimant appeals. Affirmed.

The ground for this proceeding, as in all other Girard cases, originating about the same time, was that the liquors in question were prohibited liquors, and were kept or stored in illegal quantities in the building in which they were found. The trial judge overruled all objections to the validity of the proceedings, and sustained all the demurrers interposed by the state to the claimant's special plea. On the evidence adduced, which is substantially stated in the opinion, a verdict was directed for the state as requested in writing, and there was verdict and judgment accordingly.

[Theatrical Club v. State, ex rel. Dedge.]

GLENN & DE GRAFFENRIED and W. W. QUARLES for appellant. W. L. MARTIN, Attorney General, and P. W. TURNER, Assistant Attorney General, for appellee.

SOMERVILLE, J.—In the case of *Ben Edmunds v. State, infra,* 74 South. 965, all the objections here made to the validity of this proceeding were held to be without merit.

In that case it was also held, following the case of *Southern Express Co. v. Whittle,* 194 Ala. 406, 69 South. 652, L. R. A. 1916C, 278, that an act of the Legislature prohibiting and penalizing the possession of contraband liquors, except in small specified quantities, was a valid exercise of the police power of the state, and does not offend any of the various provisions of the state or federal Constitution here urged against it. In the instant case it is contended also that this lot of liquors is immune against seizure and condemnation, on the theory that it was an interstate shipment between Columbus, Ga., and Jacksonville, Ala., and was in transit between those points at the time of its discovery and seizure under this proceeding in the city of Girard.

The claimant is a Georgia corporation, and on April 29, 1916, entered into a written contract with one Cogbill, in the city of Columbus, to deliver by him on account of the owner in Jacksonville, some 550 barrels and some 1,500 cases of whisky, wine and beer. The agreement stipulated that Cogbill should "immediately ship said whisky from Columbus, Ga., to Jacksonville, Fla." Further provisions are that "he will ship the same to Jacksonville, Fla., or have the said property in transit by May 1, 1916," and that he shall "present to said corporation all bills for freight and all other charges incident to the removal and storage of said property in Jacksonville, Fla."

The evidence for the claimant is, as recited by the bill of exceptions: "That in good faith the said William Cogbill took charge of said liquors and removed the same from Columbus, Ga., to the premises of William Cogbill in Girard, Russell county, Ala., for the sole purpose of carrying said liquors to Jacksonville, Fla., as he had contracted to do, that he did not use, sell, or otherwise dispose of any of said liquors while they so remained on his said premises, but that before he completed his preparation to remove both himself and said liquors to said Jacksonville, Fla., on, to-wit, the 19th day of May, 1916, said liquors were seized," etc.

[Theatrical Club v. State, ex rel. Dedge.]

On these facts it must be declared, as matter of law, that these liquors were not in transit between Columbus and Jacksonville, and were not protected by the laws of interstate commerce against the operation of the contraband liquor laws of Alabama at the time of their seizure in Girard. The contention is not even plausible. Far from there being any shipment from Columbus to Jacksonville, the liquors were privately "removed" by Cogbill to Girard, for the purpose of carrying them from Girard to Jacksonville. In Girard they were stored on the private premises of Cogbill, to there remain for some indefinite period of time, while Cogbill was "preparing" himself and the liquors for their future removal to Jacksonville. The contract stipulated that Cogbill should immediately ship the liquors from Columbus to Jacksonville. What occasion there was for such a stop-over and storage in Girard, and how long the period of Cogbill's preparation for removal to Jacksonville was to be protracted is not made to appear. To summarize: (1) There was no shipment of these liquors from Columbus; (2) conceding that there was such a shipment, yet the liquors were withdrawn from transit and were at rest in storage in Alabama for an indefinite time, and it does not appear that this delay was at an intermediate point on the route from Columbus to Jacksonville, nor that it was in any sense incidental to the shipping conditions accompanying the transportation, or to the limited facilities of available carriers.

These considerations are decisively fatal to the claimant's contention.—*Coe v. Errol*, 116 U. S. 517, 6 Sup. Ct. 475, 29 L. Ed. 715; *Kelley v. Rhoads*, 188 U. S. 1, 23 Sup. Ct. 259, 47 L. Ed. 359; *T. & N. O. R. R. Co. v. Sabine Tram Co.*, 227 U. S. 111, 124, 33 Sup. Ct. 229, 57 L. Ed. 442; *Bowman v. Chi. & N. W. Ry.*, 125 U. S. 465, 8 Sup. Ct. 689, 31 L. Ed. 700.

The numerous cases cited in brief of counsel for appellant are based on facts quite different from these, and are not apt for present use.

The peremptory instruction for the state was properly given.

We find no error in the rulings of the trial court, and the judgment and order appealed from will be affirmed.

Affirmed. All the Justices concur.