(75 South. 961)
HEMMELWEIT v. STATE ex rel. DEDGE.

PORTER et al. v. SAME.

(5 Div. 636.)

(Supreme Court of Alabama. June 14, 1917.)

INTOXICATING LIQUORS ☞249—SEARCH WARRANT—FAILURE TO DESIGNATE PREMISES.

The absence of initial jurisdiction by reason of the failure of a search warrant to designate for search the premises on which contraband and outlawed liquors were found and seized was cured by the actual seizure and presence of the liquors before the court, and it was proper for the trial court to execute the sentence of the statute without regard to the defect mentioned, although such defect would be fatal to a proceeding against lawful property.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 376–385.]

Anderson, C. J., and Mayfield and Somerville, JJ., dissenting.

Appeal from Circuit Court, Russell County; J. S. Williams, Judge.

Actions by the State, on the relation of J. W. Dedge, against E. Hemmelweit and C. P. Porter and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Glenn & De Graffenried and H. A. Ferrell, all of Seale, and Howard Seay, of New York, for appellants. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

PER CURIAM. A majority of the court, including Justices McClellan, Sayre, Gardner, and Thomas, are of the opinion that the absence of initial jurisdiction by reason of the failure of any search warrant to designate for search the premises on which these liquors were found and seized was cured by the actual seizure and actual presence of the liquors before the court. Being contraband and outlawed—a fact apparent to the court— it was proper for the trial court to execute the sentence of the statute, without regard to the defect mentioned, even though it were conceded that such a defect would be fatal to a proceeding against lawful property.

These cases were submitted with the case of Ben Edmunds v. State, 74 South. 965,[1] and, all other questions here presented hav-

ing been there decided adversely to appellant, the judgments herein must be affirmed.

Affirmed.

McCLELLAN, SAYRE, GARDNER, and THOMAS, JJ., concur. ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., dissent.