165 So. 262

## McCOY v. STATE.

### 6 Div. 777.

Court of Appeals of Alabama.
Dec. 17, 1935.

Rehearing Denied Jan. 14, 1936.

See, also, post, p. 18, 165 So. 263.

Morel Montgomery, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

·RICE, Judge.

The record exhibited here shows that appellant was duly charged by affidavit with an offense, the one for the commission of which he was convicted, in a court inferior to the one from which this appeal comes. He was charged by the name of "Grant McCoy, whose name was otherwise unknown to affiant"; and, so far as appears, made no objection in said inferior court to the way he was thus designated.

In the circuit court, after appeal taken from his judgment of conviction in the said inferior court, he filed a plea of misnomer, setting up that his name was not "Grant McCoy," but that it was "Grant McCall."

This plea, upon motion by the state, was *stricken,* and the action of the court in so striking it is the only matter apparent which seems to call for discussion by us.

Under the authority of the decision and opinion of the Supreme Court in the case of Nettles v. State, 222 Ala. 236, 132 So. 41, 42 (Code 1923, § 7318), there seems more than one reason why this action of the court will not cause the judgment of conviction to be reversed, but we will rest our decision upon the statement in the said opinion, that "the action of the court in granting the motion to strike the plea will be sustained, if *for any reason* [italics ours] the ruling was justified under the law," and by stating that the *reason* that occurs to us is, that said plea came too late; being filed for the first time in the circuit court. 16 C.J. 384; Edmunds v. State ex rel. Dedge, 199 Ala. 555, 74 So. 965.

There appearing nowhere any prejudicially erroneous ruling or action by the lower court to have been made or taken, the judgment appealed from is affirmed.

Affirmed.